UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61562-CIV-MARTINEZ/BANDSTRA

HARRY L. DANOW,

    Plaintiff,

vs.

**CONSENT CASE**

THE LAW OFFICE OF DAVID E. BORACK, P.A.,

    Defendant.
_____/

**ORDER**

THIS CAUSE came before the Court on Defendant's Motion For Sanctions (D.E. 94) filed on October 9, 2007. Upon review of this motion, the response and reply thereto, the court file and applicable law, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion For Sanctions DENIED. In so ruling, the Court notes that defendant has moved for sanctions against plaintiff's attorney-of-record, David A. Yarbrough, Esq., seeking an award of attorney's fees on the grounds that the filing of his July 24, 2007 motion for extension of time was based on misrepresentations and presented for an improper purpose in violation of Rule 11(b)(1) of the Federal Rules of Civil Procedure.[1] Specifically, defendant notes that plaintiff's motion for extension of time to file [his] opposition to defendant's motion for summary

---

[1] Pursuant to Fed.R.Civ.P. 11(b)(1), an attorney certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the pleading or other paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

judgment and to reset the hearing date was based on alleged inconsistencies in the affidavits filed in support of defendant's motion for summary judgment so that plaintiff sought to cross-examine the affiants on those inconsistencies in order to prepare his opposition to defendant's summary judgment motion. Defendant argues that plaintiff's motion was brought in bad faith as there were no inconsistencies cited by plaintiff in the motion, plaintiff already was in possession of the relevant discovery documents and had ample opportunity to previously depose the subject affiants. Indeed, defendant argues that the depositions were never conducted and that the alleged inconsistency when finally revealed, *i.e.*, discrepancies between defendant's evidence and recorded telephone messages, was attributable to information already in plaintiff's possession. Thus, defendant's contend that the actual purpose of the extension of time was for plaintiff to incorporate his own summary judgment motion into his opposition to defendant's motion for summary judgment so that it could be heard by the Court at the hearing set for the same.

The Eleventh Circuit has made clear the standard under which compliance with Rule 11 is to be evaluated:

> The standard for determining whether conduct is sanctionable under Rule 11 is "reasonableness under the circumstances." <u>Donaldson v. Clark</u>, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc). Rule 11 was not intended "to chill innovative theories and vigorous advocacy but bring about vital and positive changes in the law[,]" <u>Donaldson</u>, 819 F.2d at 1561, "[b]ut when parties attempt to pursue civil litigation with legal theories apparently foreclosed by statute and precedent, they must do so with candor toward the court and a sense of whether their argument is appropriate and reasonable." [citing] <u>United States v. Milam</u>, 855 F.2d 739, 744 (11th Cir. 1988).

<u>Fox v. Acadia State Bank</u>, 937 F.2d 1566, 1569-70 (11th Cir. 1991). The purpose of Rule 11 is to reduce frivolous claims, defenses or motions and to avoid unnecessary delay and

expense in litigation. Donaldson, 819 F.2d at 1556. Rule 11 contemplates an objective standard, one of reasonableness under the circumstances. See Hashemi v. Campaigner Publications, Inc., 784 F.2d 1581, 1583 (11th Cir. 1986).

Courts should "avoid using the wisdom of hindsight". Donaldson, 819 F.2d at 1556 (*citing Rule 11 Advisory Committee Note*). Rather, courts should test the signer's conduct by inquiring into what was reasonable for the party or his attorney to believe at the time the pleading, motion or other paper was filed. Id. Rule 11 imposes affirmative duties on attorneys and *pro se* litigants. Upon signing a pleading, motion or other paper, an attorney certifies that he or she (1) conducted a reasonable inquiry into the facts that support the pleading; (2) conducted a reasonable inquiry into the law so that the pleading embodies existing law or a good faith argument for the extension, modification, or reversal of existing legal principles; and (3) has not interposed the pleading for an improper purpose. See Fed.R.Civ.P. 11; Thomas v. Capital Sec. Servs., Inc, 836 F.2d 866 874 (5th Cir. 1988).

Applying this standard here, the undersigned finds the circumstances surrounding the subject motion for extension of time insufficient to warrant an award of sanctions. Defendant's purported reasons for plaintiff's motion for extension of time are based on speculation. It is true that plaintiff's counsel never conducted the depositions of defendant's affiants in order to clarify the alleged inconsistencies, such inconsistencies nevertheless existed. Specifically, the number of telephone calls allegedly placed by defendant to plaintiff's residence is disputed by the evidence. In addition, the meaning of the phrase "diary deleted" was unclear at the time of filing the motion for extension, thereby minimizing defendant's suggestion of an improper purpose on the part of plaintiff's counsel. Moreover, plaintiff's counsel now attributes the failure to conduct these

depositions to his medical condition.

Accordingly, defendant's arguments for the impositions of sanctions are based on speculation and/or raise questions of fact for future resolution. Sanctions are generally reserved for the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation or brought for an improper purpose." <u>Operating Engineers Pension Trust v. A-C Co.</u>, 859 F.2d 1136, 1344 (9th Cir. 1988). The Court finds that plaintiff's attorney's filing of the motion for extension of time does not satisfy the foregoing requirements.

Accordingly, Defendant's Motion for Sanctions be DENIED.

DONE AND ORDERED in Chambers, at Miami, Florida this __22__ day of January, 2008.

_____
Ted E. Bandstra
Chief United States Magistrate Judge

Copies furnished to:
Honorable Jose E. Martinez
Counsel of record