UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 05-61562-CIV-MARTINEZ/BANDSTRA

HARRY L. DANOW,

    Plaintiff,

v.

THE LAW OFFICE OF
DAVID E. BORACK, P.A.,

    Defendant.
_____ /

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

    I will now explain to you the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

## Consideration of The Evidence
## Duty To Follow Instructions
## No Corporate Party Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence-that is, the testimony of the witnesses and the exhibits I have admitted in the record -but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## Credibility Of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

## Impeachment of Witnesses
## Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## Burden Of Proof
## When There Are Multiple Claims Or
## When Both Plaintiff and Defendant Or
## Third Parties Have Burden Of Proof

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

Plaintiff HARRY L. DANOW brings this case against Defendant THE LAW OFFICE OF DAVID E. BORACK, P.A. based on the Fair Debt Collection Practices Act. One of the issues for you to determine is whether the October 14, 2004 letter from Harry L. Danow to the Law Office of David E. Borack, P.A. put them on notice that Mr. Danow's home specifically was an inconvenient place to receive calls; or whether such notice was absent from the letter in which case the Law Office of David E. Borack, P.A. could assume that Mr. Danow's home was a convenient location.

15 U.S.C. Section 1692c(a) states that:

(a) Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-

> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

Mr. Danow contends that THE LAW OFFICE OF DAVID E. BORACK, P.A. violated the Fair Debt Collection Practices Act by communicating with him at a time or place known or which should be known to be inconvenient to Mr. Danow in violation of the Act.

The purpose of the Fair Debt Collection Practices Act is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumer against debt collection practices." The Fair Debt Collection Practices Act expressly prohibits debt collectors from engaging in numerous specific acts or practices and also mandatorily requires debt collectors in attempting to collect consumer debts for others to affirmatively perform specific acts

The Fair Debt Collection Practices Act defines a "debt collector" to include any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which business in the collection of any debt, directly or indirectly, owed, due, or asserted to be owed or due to another. The Fair Debt Collection Practices Act also defines a "debt collector" to include any person who regularly collects a debt owed to another.

The Fair Debt Collection Practices Act defines "debt" to mean any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligations have been reduced to judgment. The obligation which Plaintiff, Mr. Danow, is alleged to owe is a "debt" within the meaning of the Fair Debt Collection Practices Act.

The Fair Debt Collection Practices Act defines "consumer" as any person obligated or alleged obligated to pay any debt.

Whether or not Mr. Danow owes the debt alleged to be due to Capital One or any other party is not a factor in this proceeding. Even if Mr. Danow does owe this obligation, Defendant must comply in all respects with the Fair Debt Collection Practices Act. Therefore, you may not consider whether or not Mr. Danow is indebted to Capital One or any other party when determining whether THE LAW OFFICE OF DAVID E. BORACK, P.A. violated the Fair Debt Collection Practices Act.

One of the issues for you to determine is whether any violation of the law occurred in this matter due to bona fide error. A debt collector may not be held liable if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Another issue for you to determine is whether Mr. Danow failed to mitigate his damages in this matter, if any, arising from telephonic communication. A plaintiff has a duty to mitigate his damages.

The Fair Debt Collection Practices Act permits damages to be awarded against a debt collector who violates the Act.

First, actual damages may be awarded the Plaintiff as a result of the failure of Defendant to comply with the Fair Debt Collection Practices Act. Actual damages not only include any out-of-pocket expenses but also damages for personal humiliation, embarrassment, mental anguish, and emotional distress.

There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish and emotional distress. You must determine a fair and adequate award of these items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #16
### (Statutory Damages)

In addition to actual damages, and regardless of whether actual damages are awarded, in the event you find that Defendant has violated the Fair Debt Collection PracticesAct, you shall award statutory damages in an amount not to exceed $1,000 for violation of the Fair Debt Collection practices Act. In determining the amount of statutory damages to be awarded, the Fair Debt Collection practices Act provides that you shall consider, among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such non compliance, and the extend to which noncompliance was intentional.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reach unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at anytime, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at that time.

2