UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 05-61562-Civ-Martinez/Bandstra

**CONSENT CASE**

HARRY L. DANOW,

    Plaintiff.

v.

THE LAW OFFICE OF DAVID E. BORACK, P.A.,

    Defendants.
_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S VERIFIED MOTION FOR AN AWARD OF COSTS AND ATTORNEY FEES**

**I.     PROCEDURAL HISTORY**

1. After an initial dismissal with prejudice, this case was reinstated after appeal. Cross motions for summary judgment were denied and the case was set for trial. A trial was held and the jury returned a verdict in favor of Plaintiff for statutory damages of $1,000.00 for violation of the Fair Debt Collection Practices Act.

2. On October 1, 2008 the Court granted Plaintiff's Motion for Entry of Final Judgment (DE 138) awarding Plaintiff $1,000.00 in statutory damages pursuant to the verdict of the jury based upon the Fair Debt Collection Practices Act and reserved jurisdiction on Plaintiff's attorney fees and costs. Accordingly, Plaintiff is the prevailing party in this action and Plaintiff now seeks a Final Judgment for attorney's fees and costs.

**II.    STATEMENT OF FACTS**

3. In this litigation, Plaintiff, HARRY L. DANOW, was represented by Donald A. Yarbrough, Deepak Gupta and Leo Bueno. As detailed in the Motion and in the accompanying Declarations of counsel, the total reasonable attorney fees and costs for the services of Plaintiff's counsel is:

| | |
|---|---|
| Mr. Yarbrough | 57,960.00 |
| Mr. Gupta | 19,617.50 |
| Mr. Bueno | 10,840.00 |
| Total Attorney Fees | 88,417.50 |
| Costs | 715.60 |
| Total Fees and Costs | 89,133.10 |

Plaintiff, HARRY L. DANOW, seeks an award of attorneys' fees totaling $88,417.50 and costs and litigation expenses of $715.60 for a total award of $89,133.10.

## III.  STATEMENT OF QUESTION PRESENTED

Is Plaintiff, HARRY L. DANOW, entitled to an award of reasonable attorneys' fees and costs? Plaintiff respectfully submit that this question should be answered in the affirmative.

## IV.  ARGUMENT

### A.  **PLAINTIFF, HARRY L. DANOW, WAS SUCCESSFUL IN THIS ACTION .**

The Fair Debt Collection Practices Act requires the payment of costs and reasonable attorney fees to a successful consumer.

> . . . any debt collector who fails to comply with any provision
> of this subchapter . . . is liable to such person in an amount
> equal to the sum of--[actual damages] [statutory damages]
> and (3) in the case of any successful action to enforce the

> foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a)(3).

Plaintiff has obtained the maximum amount of statutory damages to which he is entitled and accordingly his recovery has been excellent.

In litigation pursuant to the Fair Debt Collection Practices Act, the Second Circuit stated "the award of attorney's fees to Plaintiff for a debt collector's violation of "any provision" of the FDCPA is mandatory" *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989), citing *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989). "Under the Fair Debt Collection Practices Act ("FDCPA"), the prevailing Plaintiff is entitled to `a reasonable attorney's fee as determined by the court.' 15 U.S.C. §1692k(a)(3). Such an award is mandatory under the FDCPA." *Edwards v. National Business Factors, Inc.*, 897 F.Supp. 458, 459 (D.Nev. 1995) (citations omitted). As the prevailing party in this case, HARRY L. DANOW, is entitled to an award of costs and reasonable attorney fees. *Thorpe v. Collection Information Bureau, Inc.*, 963 F.Supp. 1172, 1174 (S.D.Fla. 1996).

Given the structure of the section, attorney fees should not be construed as a special or discretionary remedy: rather, the Act mandates an award of attorney fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). *In re Martinez*, 266 B.R. 523, 537 (Bankr.S.D.Fla. 2001) *aff'd* 271 B.R. 696 (S.D.Fla. 2001).

See also, *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990).

### B.   PLAINTIFF'S ATTORNEY IS TO BE AWARDED FEES PURSUANT TO THE LODESTAR FORMULA.

The U.S. Supreme Court has explained the calculation for an award of attorney fees:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

*Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S. Ct. 1933, 1939; 76 L. Ed. 2d 40 (1983). Also, see: *Thorpe v. Collection Information Bureau, Inc.*, supra at 1174. Although this decision, and others cited hereinafter, arise in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, these criteria are equally applicable here. "The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a `prevailing party.' " *Hensley v. Eckerhart,* supra at 1939, n.7. "We have stated in the past that fee-shifting statutes' similar language is `a strong indication that they are to be interrupted alike." *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754; 109 S. Ct. 2732, 2735 n.2.; 105 L. Ed. 2d 639 (1989) (quoting *Northcross v. Memphis Bd. of Education*, 412 U.S. 427, 428; 93 S. Ct. 2201, 2202; 37 L. Ed. 2d 48 (1973)). The multiplication of the reasonable number of hours expended times the reasonable hourly rate is referred to as the "lodestar." *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995); *Thorpe v. Collection Information*

*Bureau, Inc.*, supra at 1174.

Thus, the total lodestar calculation for the award of attorneys' fees to the Plaintiff in this matter totals $88,417.50 and costs and litigation expenses of $715.60 for a total award of $89,133.10.

### C.   THE LODESTAR MAY NOT BE REDUCED DUE TO THE AMOUNT OF THE JUDGMENT.

Plaintiff seeks an award of attorneys' fees based upon the lodestar formula. The Defendant may, however, suggest that a lesser amount is appropriate.

#### 1.   Previously Established Rates Are Appropriate for Plaintiff's Counsel.

The U.S. Supreme Court has stated: "The statute and legislative history establish that 'reasonable fees' under §1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether Plaintiff is represented by private or non-profit counsel." *Blum v. Stenson*, supra, 465 U.S. at 895, 104 S. Ct. at 1547 (footnote omitted).  "In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases . . . Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino v. Friedman*, 46 F.3d 645, 652-653 (7th Cir. 1995).

 The Seventh Circuit reversed a District Court's denial of attorney's fees even though the Plaintiff only recovered $100.00 ($50.00 each) as FDCPA statutory damages

and remanded for determination of an award of attorney fees. *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997). Of course, the amount of reasonable attorneys fees awarded pursuant to the FDCPA is left to the sound discretion of the judge. *Schimmel v. Slaughter*, 975 F.Supp. 1481, 1484 (M.D.Ga. 1997).

### 2. **The Award of Attorneys' Fees Is Not Limited by the Amount of Damages.**

As long as the Plaintiff is successful, i.e., recovers more than nominal damages, the Plaintiff should be awarded attorneys fees pursuant to a lodestar calculation. In this case, Plaintiff recovered the maximum amount of statutory damages to which he is entitled.

"In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under §1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves." *City of Riverside v. Rivera*, 477 U.S. 561, 581; 106 S. Ct. 2686, 2697; 91 L. Ed. 2d 466 (1986) (footnote omitted). Also see: *Quaration v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999); *Zagorski v. Midwest Billing Services, Inc.*, supra. The benefits to the public as a whole resulting from lawsuits which encourage compliance with statutory provisions are more important than relatively small damage awards. Indeed, when a provision for counsel fees is included in a regulatory act, it is a recognition that enforcement of the statute would be unlikely if an individual had to pay his or her own attorney fees. The Court quoted Senator Tunney's remarks in the Congressional Record:

> If the citizen does not have the resources, his day in court is

> denied him; the congressional policy which he seeks to assert
> and vindicate goes unvindicated; and the entire nation, not
> just the individual citizen, suffers.

*City of Riverside v. Rivera*, supra at 477 U.S. at 575, 106 S. Ct. at 2694 (citation omitted).

The Third Circuit amplified this thought stating:

> Congress provided fee shifting to enhance enforcement of
> important civil rights, consumer-protection, and
> environmental policies. By providing competitive rates we
> assure that attorneys will take such cases, and hence increase
> the likelihood that the congressional policy of redressing
> public interest claims will be vindicated.

*Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988). "Congress has relied on such Plaintiffs to act as private attorneys general." Id., at 1450 n.13. Also see *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991); *In re Martinez*, supra at 537.

The amount of damages awarded often has borne no relation to the amount of attorney fees granted. "[A]ttorney's fees awarded by District Courts have `frequently outrun the economic benefits ultimately obtained by successful litigants.'" *Evans v. Jeff D.*, 475 U.S. 717, 735; 106 S. Ct. 1531, 1541; 89 L. Ed. 2d 747 (1986) (citation omitted). Upon finding a statutory violation and damages, the attorney fees award should be made in the lodestar amount. *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996).

For example, in *Wayne E. Small v. Absolute Collection Service, Inc.,* Case No.: 04-61196-Civ-Jordan/Brown (S.D. Fla. 2006) the court awarded attorney fees of $38,678.00 where the Plaintiff recovered statutory damages of $1,000.00 for violation of the FDCPA

and $1,000.00 for violation of the Florida Consumer Collection Practices Act. The Southern District of Florida affirmed the Bankruptcy Court's award of attorney fees of $29,037.50 where the Plaintiff recovered FDCPA statutory damages of only $1,000.00  *In re Martinez*, supra at 544 *aff'd* 271 B.R. 696 (S.D.Fla. 2001). In *Gradisher v. Check Enforcement Unit, Inc.*, 2003 U.S. Dist. LEXIS 753 (W.D.Mich., Jan. 22, 2003), $77,680.44 was awarded although the Plaintiff recovered only $1,000.00.  In *Armstrong v. The Rose Law Firm, P.A.*, 2002 WL 31050583 (D.Minn., Sept. 5, 2002), the District Court approved the award of $43,180.00 in attorney fees where the Plaintiff recovered $1,000.00 in statutory damages. In *Perez v. Perkiss*, 742 F.Supp. 883 (D. Del. 1990), the District Court awarded $10,110.00 in attorney fees where the Plaintiff's recovery was only $1,200.00

### D.  PLAINTIFF'S ATTORNEY IS ARE ENTITLED TO AN AWARD OF COSTS AND LITIGATION EXPENSES

Plaintiff has requested the award of costs and litigation expenses in addition to an award of attorneys' fees.

The FDCPA grants the successful Plaintiff "the costs of the action."  15 U.S.C. §1692k(a)(3).  The only costs sought herein are the filing fee, service of process and the costs of trial transcripts necessary to oppose Defendant's post trial motions for judgment notwithstanding the verdict, for new trial and Defendants pending motion for its own attorney fees.

Thus, the Plaintiff's litigation expenses and costs are compensable.

### E.  PLAINTIFF SEEKS AN AWARD OF ATTORNEYS' FEES FOR TIME EXPENDED IN THE LITIGATION OF THIS MOTION.

The Declaration submitted by Plaintiff's attorneys details the costs and time expended in this litigation up to the filing of this motion. Plaintiff requests leave to file a supplemental Declaration detailing the time expended in the litigation of this motion, the litigation of Defendant's Motion for Attorney Fees and Costs, (DE 141), and as Defendant has recently appealed the jury verdict, fees and costs incurred in the litigation of the pending appeal. An award of fees is appropriate for the time expended in pursuing a Motion for an Award of Attorney Fees. *Monica I. Barreras v. Viking Collection Service, Inc.*, Case No.: 05-61855-Civ- Marra/Seltzer (S.D.Fla., October 23, 2007); *Wayne E. Small v. Absolute Collection Service, Inc.,* Case No.:  04-61196-Civ-Jordan/Brown (S.D. Fla. 2006); *Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978); *Gagne v. Maher*, 594 F.2d 336 (2d Cir. 1979); *David v. City of Scranton*, 633 F.2d 676 (3d Cir. 1980); *Tyler Business Servs., Inc. v. N.L.R.B.*, 695 F.2d 73 (4th Cir. 1982); *Johnson v. State of Miss.*, 606 F.2d 635, 638 (5th Cir. 1979); *Weisenberger v. Huecker*, 593 F.2d 49 (6th Cir. 1979); *In re Burlington N., Employment Practices Litig.*, 832 F.2d 430 (7th Cir. 1987);  *Jordan v. Multnomah County*, 815 F.2d 1258, 1264 (9th Cir. 1987).

## VII.  CONCLUSION

Based upon the lodestar calculation, attorney fees should be awarded to Plaintiff's counsel in the amount of $88,417.50 and costs and litigation expenses of $715.60 for a total award of $89,133.10.

Respectfully submitted,

       DONALD A. YARBROUGH, ESQ.
       Attorney for Plaintiff
       Post Office Box 11842
       Fort Lauderdale, Florida 33339
       Telephone (954) 537-2000
       Facsimile (954) 566-2235
       donyarbrough@mindpring.com

By: _s/Donald A. Yarbrough_
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 05-61562-Civ-Martinez/Bandstra

HARRY L. DANOW,

    Plaintiff.

v.

THE LAW OFFICE OF DAVID E. BORACK, P.A.,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 17, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          s/Donald A. Yarbrough
                                          Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Steven M. Canter, Esq.
Borack & Associates, P. A.
2300 Maitland Center Parkway, Suite 200
Maitland, FL 32751
Telephone   954-644-7331
Facsimile   954-644-7297

Via Notices of Electronic Filing generated by CM/ECF

11