**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**HARRY L. DANOW,**

                              **Case No.: 05-61562-CIV-MARTINEZ/BANDSTRA**

      **Plaintiff,**                    **CONSENT CASE**

**v.**

**LAW OFFICES OF DAVID E. BORACK, P.A.**

      **Defendant.**

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND
INCORPORATED MEMORANDUM OF LAW**

COMES NOW, the Defendant, Law Offices of David E. Borack, P.A. ("Defendant" or "Law Office") submits this Response to Plaintiff's Motion for Attorney's Fees.  In summary, plaintiff should be awarded no fees for engaging in the multiplicity of litigation for over 3 years culminating in a trial where a jury awarded plaintiff a nominal $1,000 in statutory damages for a technical statutory FDCPA violation – especially where Defendant offered plaintiff $3,000 at the outset of litigation via its Fed.R.Civ.P. 68 Offer of Judgment ("OOJ").  In addition, counsel seeks an extremely unreasonable and disproportionate amount in attorney's fees and at an unreasonably high rate.

**I.  BACKGROUND**

On September 26, 2005, plaintiff filed a lawsuit against the Law Offices of David E. Borack, P.A. and David E. Borack personally.  *See* Dkt. 1.  The lawsuit contained allegations of 11 particular alleged violations of the FDCPA.  *See* Dkt. 1.  Defendant served Plaintiff with a Rule 68 Offer of Judgment on November 19, 2005 offering to pay plaintiff $3,000.  *See* **Exhibit A**, OOJ. Defendant also filed a Motion to Dismiss on November 21, 2005.  *See* Dkt. 7.  Plaintiff's lawsuit was dismissed on January 27, 2006.  *See* Dkt. 29.   Following an appeal, plaintiff filed his First Amended Complaint.  *See* Dkt. 50.  In his First Amended Complaint, plaintiff abandoned 8 out of

1

11 alleged violations (73% of the complaint) constituting a large majority of his factual allegations. *See* Dkt. 50.  Plaintiff also dismissed Mr. Borack personally as a defendant.  *See* Dkt. 50.  The litigation proceeded for about a year and a half on the First Amended Complaint which added an alleged violation of the Florida Consumer Collections Practices Act (FCCPA). On the day of trial, the Plaintiff arrives with a new co-counsel, Attorney Leo Bueno, who filed his notice of appearance on the eve of trial. Plaintiff also conveniently dismissed three of out of the four counts of the First Amended Complaint, despite three years of litigation on Counts II and III, and a year and a half of litigation on Count IV. The case was tried before the jury, and despite un-rebutted testimony regarding Defendant's robust systems, policies, and procedures reasonably designed to prevent error thereby qualifying it for the bona fide error defense, the jury awarded plaintiff a nominal de minimus sum of $1,000 for statutory damages under the FDCPA.  *See* **Exhibit B**, Judgment; Dkt. 138.  Importantly, during the course of litigation, actual damages were sought in the amount of $5,000.00 but none awarded.  *See* Dkt. 138.  Final Judgment was entered on October 1, 2008.  *See* Dkt. 138.  At the conclusion of the trial the court noted that the Plaintiff spent over 3 years litigating a case to get $1,000. Clearly an amount less than what Defendant offered via OOJ at the outset of litigation.  Following the entry of the judgment, plaintiff filed his fee petition seeking $89,133.10 ($88,417.50 in fees and $715.60 in costs), which is greater than 89 times that of the nominal, de minimus statutory damages award.

## II. LAW AND ARGUMENT REGARDING ATTORNEY'S FEES

The general rule in this country (a/k/a the American Rule) is that parties are to bear their own attorney's fees. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247-262 (1975); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985).  Congress, creating an exception to the American Rule, passed legislation providing for a prevailing party provision in the FDCPA.  *See* 15 U.S.C. 1692k.  This legislation created the unintended

consequence of a boom in federal court litigation of FDCPA cases where the amount of attorney's fees sought vastly dwarf the amount of damages available, sought, or awarded and where the attorneys push litigation only to acquire attorney's fees. *See Austin v. AT&T Corp.*, 2004 WL 911302 (D. Md. April 15, 2004). The statutes "designed to protect the rights of consumers serve an extremely salutary purpose. They are, however, subject to abuse by litigants and their lawyers who pursue colorable claims under the statute seeking recovery far beyond the monetary worth of those claims. The pursuit of such claims is wasteful of both private and public resources, and is against the public interest. The only tool available to a court for curtailing this potential abuse is not to compensate attorneys for time they spend pursuing a claim beyond all reason." *Id.* (*emphasis added*).

While "successful" plaintiffs are entitled to a fee award under the FDCPA, that does not mean they are entitled to the amount requested. *See Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 629 (4th Cir. 1995); *de Jesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 233-34 (1st Cir. 1990). "Prevailing" plaintiffs are only entitled to fees that are reasonable under the circumstances. *See Carroll*, 53 F.3d at 629 (*emphasis added*); *de Jesus*, 918 F.2d at 233-34. In calculating an appropriate fee award, a court should avoid compensating wasteful litigation. *French v. Corporate Receivables, Inc.*, 489 F.3d 402, 404 (1st Cir. 2007). "Waste is not in the public interest." *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir. 1997). The Congress that passed the FDCPA in 1977 "could hardly have wished to reward lawyers for doing nonproductive work and wasting their adversaries' time and the time of the courts as well. In directing the courts to award only those fees which are 'reasonable,' on the contrary, Congress undoubtedly wished to ensure that the lawyer representing a successful plaintiff would receive a reasonable fee for work reasonably found necessary - nothing less, and nothing more." *French*, 489 F.3d at 404 (citing *Lee*, 109 F.3d at 306-07).

Here, the plaintiff litigated for 3 years and tried the case only to acquire nominal damages in the amount of $1,000.  Now plaintiff seeks attorney's fees in the amount of $88,417.50, which is vastly unreasonable and excessive.  The amount of attorney's fees requested by plaintiff should be denied or greatly reduced for the following reasons. First, plaintiff's fee petition must be stricken in that plaintiff engaged in the multiplicity of litigation and did not obtain favorable results at trial.  Second, plaintiff is not entitled to any fees or costs after the date of Defendant's OOJ.  Third, even assuming the Court finds that plaintiff did not engage in multiplicity of litigation; and could be considered a prevailing party; and obtained favorable results at trial; and the OOJ did not cut off fees, only <u>reasonable</u> fees and costs are awardable.  Plaintiff in the instant matter seeks an unreasonable amount of fees and costs.

A.  **PLAINTIFF SHOULD NOT BE AWARDED FEES AND COSTS BECAUSE HE DID NOT OBTAIN FAVORABLE RESULTS AT TRIAL AND HE RAN UP FEES AND COSTS TO ONLY ACQUIRE $1000 AT TRIAL DESPITE DEFENDANT OFFERING $3000 VIA OOJ AT THE OUTSET OF LITIGATION.**

Limited success at trial, a valid basis for which the district court can reduce a plaintiff's fee request, is an accepted ground for limiting fees under the FDCPA.  *See Lee,* 109 F.3d at 307 (*emphasis added*); *Carroll*, 53 F.3d at 629; *Mann v. Acclaim Fin. Servs.*, 348 F.Supp.2d 923, 930 (S.D. Ohio 2004).

Here, in light of the $3,000.00 OOJ from the defendants, the logical reason for plaintiff to have gone to trial was because he hoped to obtain a significant award of actual damages, even though he had knowledge that he had no proof of same.[1]  It is clear from the trial testimony that the possibility of the plaintiff obtaining such a recovery was minuscule.  There was no evidence that plaintiff incurred out-of-pocket expenses or suffered substantial emotional distress such that it was reasonable for him to expect he would obtain a significant actual damages award.  Plaintiff's failure to obtain actual damages provides a sound basis for the conclusion that pursuing this case through

---

[1] The only other motivation obviously would be to create and attempt to recover large amounts of attorney's fees.

trial was wasteful, especially where there was an OOJ that would have essentially compensated plaintiff for at least the amount of damages he was likely to recover.[2]   Reducing attorney's fees awards is appropriate under the FDCPA where the plaintiff was unsuccessful in obtaining actual damages. *Mann,* 348 F.Supp.2d at 930.

In short, going to trial provided plaintiff with little benefit.  It is a permissible exercise of discretion in these circumstances for the district court to conclude that fees incurred in this endeavor should not be recovered.  It would be inappropriate and unreasonable to award plaintiff for such a modest result by granting the grossly excessive fees plaintiff seeks. *See Sheffer v Experian, et. al*, 290 F.Supp.2d 538, 551 (E.D. Penn. 2003) (noting that fee-shifting statutes are intended to facilitate the pursuit of claims that vindicate both individual rights and the larger public interest, but they can be misused when they become a mechanism for obtaining large attorney's fee awards in cases with de minimis returns).  Fee shifting statutes were never intended to "produce windfalls to attorneys." *Farrar v. Hobby*, 506 U.S. 103, 115 (1992) (quoting *Riverside v. Rivera*, 477 U.S. 561, 580 (1986). Plaintiff's $88,417.50 demand for fees following 3 years of wasteful litigation, an appeal, and a trial, whereby he acquired the nominal sum of $1,000, should be denied. The Plaintiff's Motion for Attorney's Fees amounts to a proverbial lottery ticket for Plaintiff's counsel to obtain a nominal recovery. This was not the intention of the FDCPA.

**B.  PLAINTIFF'S FEES AND COSTS ARE CUT OFF AS OF NOVEMBER 19, 2005, THE DATE DEFENDANT SERVED ITS OOJ, BECAUSE DEFENDANT OFFERED PLAINTIFF $3000 AND PLAINTIFF ONLY RECOVERED $1000 AT TRIAL.**

Where plaintiff does not recover more than what was offered via an OOJ, plaintiff is not entitled to any fees that accrued after the date of the OOJ because those fees are per se unreasonable. *Marek v. Chesney*, 473 U.S. 1, 11-12 (1985); *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 356 (1981).  Here, Defendant offered to pay plaintiff $3,000 via its OOJ on November 19,

---

[2] Defendant's OOJ offered Plaintiff 3 times the amount plaintiff subsequently recovered at trial.

2005 – less than two months from the commencement of plaintiff's case.  This OOJ was served before any discovery was served, before any motions were filed, before any depositions were taken, before any hearings were conducted, before any appeal was filed, and before trial.  Plaintiff refused the offer, litigated the case for 3 years, tried the case, and acquired $1,000 in de minimus statutory damages.  Plaintiff's actions were fruitless and wasteful, and, as such, plaintiff is not entitled to any fees that accrued after November 19, 2005.[3]

   C. **PLAINTIFF'S FEES AND COSTS SHOULD BE REDUCED BECAUSE THE AMOUNT REQUESTED IS EXCESSIVE AND UNREASONABLE EVEN ASSUMING PLAINTIFF IS ENTITLED TO FEES DESPITE HIS MULTIPLICITY OF LITIGATION, POOR RESULTS OBTAINED AT TRIAL, AND FAILURE TO ACCEPT DEFENDANT'S REASONABLE OOJ.**

   If this Court is not inclined to deny plaintiff's motion for fees outright or cut off the fees and costs as of November 19, 2005 as described above, then this Court should calculate what is a reasonable fee in light of the circumstances using the lodestar calculation.

   Per the FDCPA, only "prevailing" plaintiffs are entitled to "the costs of the action, together with a <u>reasonable</u> attorney's fee as determined by the court."   15 U.S.C § 1692k(3) (*emphasis added*).  Regarding fees sought, "[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary ...." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  A party seeking to recover fees may not be compensated for hours that would not be billed to a client, regardless of the attorney's skill, reputation, or experience.  *Norman v. Hous. Auth.*, 836 F.2d 1292, 1301-02 (11th Cir. 1988).  Courts "are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is

---

[3] In light of the frivolity of 3 of 4 counts, the claim against David E. Borack, Esq. personally, the large number of abandoned allegations in plaintiff's complaint, and the inflated time and rate, reasonable fees up to November 19, 2005 are $1,700 or less.  *See* argument *supra*.  Additionally, attorney's fees are collateral matters and have nothing to do with the merits of the case.  *Budinich v. Becton Dickenson and Co.*, 486 U.S. 196, 199-200 (1988); *Mackenzie v Kindred Hospitals East, LLC*, 276 F.Supp.2d 1211, 1218 (M.D. Fla. 2003).  In deciding whether the judgment was for more relief than the OOJ afforded, attorney's fees are not apart of the monies awarded to the Plaintiff.

awarded." *See American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (*emphasis added*).

Here, plaintiff has not actually paid any money to his counsel for fees, and it requires no stretch to assume that neither plaintiff (nor any similarly situated plaintiff) would ever actually pay his own attorney(s) $88,417.50 in fees or $350-$400/hr. for this case to acquire $1,000 in de minimus statutory damages. Plaintiff's counsel billed this file assuming Defendant, and not his client, would be forced to pay all or a portion of the monies sought. No efforts were made by plaintiff's counsel to be reasonable with regard to time/fees billed.

In determining "reasonable" fees, the Court must calculate the lodestar, which is the reasonable hourly rate multiplied by the number of reasonable hours spent working on the case. *See Loggerhead Turtle v. County Council of Volusia County, Fla.*, 307 F.3d 1318, 1322 n. 3 (11th Cir. 2002) (citing *Hensley*, 461 U.S. at 433). The Court must then determine whether an adjustment to the lodestar is necessary. When making this determination, this Court has discretion in determining the amount of attorney's fees to be awarded. *Hensley*, 461 U.S. at 433; *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006).

### 1. PLAINTIFF'S COUNSEL DEMANDS AN UNREASONABLE HOURLY RATE.

The hourly rates of plaintiff's attorneys ($350-$400/hr.) are all excessive. The fee applicant bears the burden to produce satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *King v. Turner* 2007 WL 1219308 at *1 (D. Minn. April 24, 2007) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984)). Moreover, the Court may draw on its own experience and knowledge of prevailing market rates when considering an attorney's rate. *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005).

It is plaintiff's burden to establish the rate sought is proper and in accord with the prevailing rate. *King,* 2007 WL 1219308 at *1. However, plaintiff fails to cite a single case where he or anyone else has been awarded $350-$400/hr. for a single plaintiff FDCPA case in this jurisdiction. Furthermore, when contested, no court in this jurisdiction has found a rate in excess of $276hr. is a reasonable hourly rate for a non-class single plaintiff FDCPA case. In fact, rates for FDCPA cases in excess of $276/hr. have been rejected when contested. *See Bernard v Int'l Portfolio Mgmt., Inc.,* 2005 WL 1840157 *3 (S.D. Fla. July 25, 2005); *Brazier v Debt Recovery, Inc.,* 2005 WL 5950107 *2 (M.D. Fla. October 4, 2005); *St. Claire v. Trauner, Cohen, & Thomas, L.L.P.,* 2008 WL 151542 *2-*3 (N.D. Ga. January 11, 2008). The *Brazier* Court noted that Plaintiff's counsel had not provided the Court with any information as to the *Johnson* factors or about his credentials that might support an award of $300.00 per hr. in the relatively "non-complex case." 2005 WL 5950107 at *2 (*emphasis added*). Each of the 3 aforementioned courts, using their own experience and knowledge regarding the usual and customary rate in the 11th Circuit for a single plaintiff FDCPA case, assigned plaintiffs' attorneys a rate of $250/hr.

While plaintiff's counsel did submit a self-serving declaration that the rates sought are in line with the prevailing market rates,[4] this declaration is deficient as counsel fails to attach any case law establishing that $350.00/hr. is the prevailing market rate nor does it set forth the factors required by *Johnson.* *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-719 (5th Cir. 1974); *Dowdell v. City of Apopka, Florida*, 698 F.2d 1181, 1187, n. 8 (11th Cir. 1983). Plaintiff's attorneys' rates were affirmed by Attorney Steven Grover, who has only had about three cases in this District that were brought pursuant to the FDCPA and none of them resulted in an attorney's fee award.

---

[4] Mr. Gupta was not counsel of record for plaintiff except on appeal; Mr. Gupta does not work for Donald Yarbrough's law firm, Mr. Gupta never filed a notice of appearance for plaintiff in the underlying case, and Mr. Gupta never filed a single document on behalf of plaintiff. Furthermore, Mr. Gupta is not even licensed to practice law in the state of Florida. Such fees should have been sought from the Appellate Court.

While a rate of $350-$400/hr. may not be excessive for class action work, complex commercial litigation, and transactional work or litigation involving tax or ERISA claims, such a rate is excessive for a non-class action single plaintiff FDCPA case.  FDCPA cases, for the most part, are strict liability cases where the maximum in statutory damages is capped at $1,000 per action. *See Lemieux v. Guy*, 2006 WL 3626555 *1 (S.D. Ind. November 20, 2006).   Often consumers represent themselves pro se and achieve the same or similar results than if they were represented.  A purported $350-$400/hr. attorney who engages in this type of small claims litigation should be prepared to take a "small claims" rate.  In addition, no special skill or experience was needed to prosecute such a minor claim.  Importantly, plaintiff's attorneys have presented no evidence that anyone has actually paid $350-$400/hr. for their services, and the undersigned was unable to find a single published order in this jurisdiction finding that $350-400/hr. is reasonable.

There are, however, several orders finding that an hourly rate in the $200/hr. range is reasonable.  *See Martinez v. Law Offices of David J. Stern, P.A.,* 266 B.R. 523, 543 (S.D. Fla. 2001) ($200/hr.); *Bernard*, 2005 WL 1840157 *3 ($250/hr.); *Armstrong v. The Caddle Company*, 2006 WL 894914 *4 (S.D. Fla. April 3, 2006) ($275/hr.).

In light of the foregoing, Defendant proposes that this Court use a rate of $250/hr. as the reasonable hourly rate for the lodestar calculation in this case.

## 2. PLAINTIFF'S COUNSEL CANNOT JUSTIFY THE NUMBER OF HOURS "WORKED."

Plaintiff's counsel is trying to recover for time that vastly exceeds what was necessary to prosecute plaintiff's FDCPA claims.  Attached as Composite **Exhibits C-E** are plaintiff's own billing records in this case (not in chronological order).  The billing records, which are not documents with contemporaneous time entries, are replete with uncompensable and inflated work. There are 8 main categories of objections to the unreasonable time entries: (a) time incurred subsequent to the service of a reasonable Rule 68 OOJ; (b) administrative time ; (c) unfruitful time

(i.e. unbillable work that did not advance the litigation such as review of a document without any meaningful work performed, requests for extensions for the convenience of counsel, etc.); (d) duplicative work; (e) un-billable time (un-billable work such as attorneys talking amongst themselves, attorneys talking to staff, lunch, travel, etc.); (f) time spent on an appeal that was or should have been sought from the appellate court and not the trial court; (g) time that was generally excessive and not actually incurred; and (h) time dedicated to work that is vague, ambiguous, and questionable in its significance and relation to the case.  Attached as **Composite Exhibits F-L** is a spreadsheet with worksheets summarizing all time entries, objections, and proposed calculations.[5] Counsel's claim for 248.75 hours of work on this matter vastly exceeds what was actually worked and necessary and, as such, should be greatly reduced.

> a.  **Plaintiff is not entitled to fees for work done after Defendant offered to compensate plaintiff for all the relief he was entitled to under the law.**

On November 19, 2005, Defendant offered to pay plaintiff $3,000 via its OOJ.  *See* **Exhibit A**.  In that plaintiff only recovered $1,000 at trial, any time incurred after November 19, 2005 is un-compensable as it is per se unreasonable.  *Marek*, 473 U.S. at 11-12; *Delta Air Lines,* 450 U.S. at 356; *Murphy v. Equifax Check Services, Inc.*, 35 F.Supp.2d 200, 204 (D.Conn. 1999); *Scottsdale Ins. Co. v. DeSalvo*, 748 So.2d 941, 944-45 (Fla. 1999) (holding that the defendant "relieves itself from further exposure to the [plaintiff's] attorneys fees at the point in time that the [defendant] offers in settlement the full amount which the [plaintiff] would be entitled to recover from the [defendant] at the time the offer is made.").  Here, at least 245 hours of the time sought in the

---

[5] The first worksheet is a summary of plaintiff's billing records with each time placed in chronological order.  The second worksheet is a summary of Defendant's objections to the hourly rate.  The third worksheet is a summary of the objections in chronological order.  The fourth is a summary of the objections categorized into groups.  The fifth is a summary of proposed cuts assuming the OOJ cuts off fees.  The sixth is a summary of proposed cuts absent the OOJ.  The seventh and final worksheet is a proposed lodestar calculation and proposed reduction.  Electronic copies of these spreadsheets can be provided to the Court upon request.

present case is time devoted to work on the case post 11/19/05 (date of OOJ).  *See* Composite

**Exhibits C through E;** plaintiff's entries dated 11/20/05-present.

> **b.     Plaintiff is not entitled to fees for administrative work billed at an attorney rate.**

Administrative time is not compensable and paralegal time is only compensable if it is work

normally performed by an attorney.  *See* discussion *supra*.  Notwithstanding, any administrative or

clerical work, regardless of who performs the task, should be billed at a clerical rate.  *See Missouri*

*v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10 (1989).  Here, at least .9 hours of the time sought in the

present case is time devoted to secretarial or administrative tasks.  *See* Composite **Exhibits C**

**through E**, and in particular plaintiff's entries dated 9/26/05, 10/4/05, 4/13/06, 4/24/06, 5/24/06,

6/22/06, 6/27/06 & 11/14/08.  In addition, any time devoted to reviewing of documents (*see* § c

*infra*) that could have been accomplished by an assistant or paralegal should also be cut or reduced

to an administrative rate.  Plaintiff's counsel is not entitled to attorney's fees for administrative or

secretarial-type work that should have been handled by a person billing at a lower rate such as a

legal assistant.[6]   In an alternative to cutting or reducing the time, the hourly rate should be adjusted

downward to a clerical rate.

> **c.     Plaintiff is not entitled to fees for fruitless or futile work.**

District courts should exclude from initial fee calculations hours that were not "reasonably

expended" such as but not limited to hours that are "excessive, redundant, or otherwise

unnecessary."  *Hensley,* 461 U.S. at 434.  "Hours that are not properly billed to one's *client* also are

not properly billed to one's *adversary* pursuant to statutory authority," and there is no compensation

for nonproductive time.  *Copeland v. Marshall,* 641 F.2d 880, 891 (1980) (*emphasis added*).  Here,

plaintiff's counsel billed at least 48.3 hours for "work" that was never used, memorialized, served,

filed, or otherwise futile or fruitless and that did not further the case.

---

[6] Much of the work performed in the case could have been handled by an attorney or staff billing at a lower rate.

*See* **Exhibits C through E**, plaintiff's entries dated 9/11/05, 9/25/05, 11/16/05, 11/17/05, 11/18/05, 11/21/05, 11/23/05, 11/28/05, 11/29/05, 11/30/05, 12/11/05, 12/15/05, 12/31/05, 1/6/06, 1/11/06, 1/16/06, 1/18/06, 1/30/06, 2/3/06, 2/15/06, 3/16/06, 4/13/06, 4/24/06, 5/21/06, 5/23/06, 6/16/06, 7/19/06, 7/20/06, 7/21/06, 7/31/06, 8/9/06, 9/14/06, 9/20/06, 10/24/06, 11/3/06, 11/13/06, 11/14/06, 11/21/06, 11/29/06, 12/11/06, 12/12/06, 12/13/06, 1/4/07, 1/16/07, 2/27/07, 3/8/07, 3/14/07, 7/5/07, 7/14/07, 7/17/07, 7/18/07, 7/24/07, 7/30/07, 8/2/07, 9/28/07, 10/9/07, 11/6/07, 11/7/07, 11/9/07, 11/14/07, 11/27/07, 1/22/08, 1/24/08, 2/14/08, 2/28/08, 3/2/08, 3/11/08, 3/27/08, 4/23/08, 4/28/08, 6/25/08, 6/26/08, 6/28/08, 6/30/08, 7/1/08, 7/2/08, 7/3/08, 7/4/08, 7/5/08, 7/12/08, 7/21/08, 7/23/08, 7/29/08, 7/30/08, 8/2/08, 8/11/08, 8/13/08, 9/4/08, 9/29/008, 9/30/08, 10/1/08, 10/2/08, 10/6/08, 10/31/08, 11/5/08, 11/10/08, 11/12/08 & 11/15/08.

Specifically, plaintiff claims reimbursement for fees related to document review where the alleged review led to no actual work being performed and no added value to the case; the drafting of extensions for the convenience of counsel; and investigation, research, and drafting related to counts and allegations that were either abandoned or dismissed.

Furthermore, plaintiff initially filed a lawsuit with 11 alleged violations, reduced it to 4, but only 1 count survived and was pursued at trial. Therefore, the time devoted to ninety (90%) percent of plaintiff's case is unrecoverable or at least by the three-fourth's reduction resulting from Plaintiff's trial dismissals. *Orsburne v Assets Recovered, et. al.,* U.S.D.C. D. Minn.: Case No: 07-cv-1710, Order on Motion for Attorney's Fees (<u>finding across the board reduction is proper especially when counsel failed to delineate time spent on individual claims</u>).[7]

As such, the total time plaintiff's counsel claims to have in the case and for which plaintiff is seeking reimbursement should be automatically reduced across the board by at least three fourth's and at most ninety (90%) percent. In that this time would never be billed to an actual client because it was never used, memorialized, served, filed, was frivolous, and was otherwise "nonproductive," Defendant objects to these fees.

### d.  Plaintiff is not entitled to fees for duplicative work.

Duplicative work is not compensable. *See Norman*, 836 F.2d at 1302; *Reyes v. Falling Star Enterprises, Inc.*, 2006 WL 2927553 *6-7 (M.D. Fla. October 12, 2006). At least 17.5 hours of the

---

[7] Counsel in the instant matter failed to delineate the time they spent on the individual claims.

time sought in the present case is undoubtedly duplicative.  *See* Composite **Exhibits C through E**, and in particular plaintiff's entries dated 11/13/06, 12/12/06, 6/20/088, 6/23/08, 6/26/08, 6/30/08, 7/5/08, 7/29/08, 9/30/08 & 10/1/08.

#### e.     Plaintiff is not entitled to fees for non-billable work.

Prevailing parties should exercise proper "billing judgment" and should exclude "those hours that would be unreasonable to bill a client …"  *Norman,*  836 F.2d at 1301; *Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996); s*ee also Spegon v. Catholic Bishop of Chi*., 175 F.3d 544, 552 (7th Cir. 1999) (holding the time an attorney spent updating her case list and calendar and holding conferences with her paralegal was not "the type of legal services an attorney would normally bill to a paying client"); *Steffens v. Steffens*, 221 F.3d 1353 *6 (10th Cir. 2000) (cutting fees for time dedicated to intra-office and inter-office conferences, discussions, and meetings). Here, at least 31.4 hours of the time sought is non-billable in that the time was devoted to plaintiff's attorney's conferencing amongst themselves or with their staff.

*See* Composite **Exhibits C through E**, and in particular plaintiff's entries dated 1/30/06, 3/16/06, 3/17/06, 3/22/06, 3/24/06, 4/13/06, 4/24/06, 5/3/06, 7/31/06, 9/20/06, 11/6/07, 4/22/08, 6/19/08, 6/20/08, 6/21/08, 6/22/008, 6/23/08, 6/24/08, 6/25/08, 6/28/08, 7/7/08, 8/11/08, 8/13/08, 9/30/08, 10/1/08, 10/2/08, 10/6/08, 10/9/08, 10/16/08, 10/18/08, 10/31/08, 11/12/08, 11/14/08, 11/15/08 & 11/17/08.

#### f.     Plaintiff is not entitled to fees for the appellate related work.

If an appellant is entitled to fees related to an appeal, he should move for said fees pursuant to Fed. R. App. P. 27, Fed. R. App. P. 38, Fed. R. App. P. 39, 11th Cir. R. 39-2, and/or 11th Cir. R. 27-4.  *Hudson v. International Computer Negotiations, Inc*., 499 F.3d 1252, 1266-67 (11th Cir. 2007); *see also Scutti v. Daniel E. Adache & Associates Architects, P.A.,* 515 So.2d 1023, 1025 (Fla. 4th DCA 1987) (holding that while a determination of the amount of fees may be decided by the trial court after remand with instructions, the fee determination of vel non is the prerogative of the appellate court); *Hornsby v. Newman*, 444 So.2d 90 (Fla. 4th DCA 1984) (holding a trial court lacks authority to award appellate attorney's fees); *Gernat v. Gernat*, 378 So.2d 339 (Fla. 4th DCA

1980) (same).  Here, at least 65.7 hours of the time sought in the present case is related to an appeal

decided by the 11th Circuit.

*See* Composite **Exhibits C through E**, and in particular plaintiff's entries dated 1/30/06, 3/16/06, 3/17/06, 3/22/06, 3/24/06, 3/29/06, 4/13/06, 4/24/06, 5/3/06, 5/4/06, 5/7/06, 5/10/06, 5/12/06, 5/13/06, 5/16/06, 5/17/06, 5/24/06, 6/1/06, 6/5/06, 7/19/06, 7/20/06, 7/21/06, 7/27/06, 7/31/06, 8/9/06, 9/20/06, 9/21/06, 10/21/06, 10/23/06, 11/3/06, 11/8/06 & 11/13/06.

> **g.      Plaintiff is not entitled to fees for work that is excessive.**

District courts should exclude from initial fee calculations hours that are "excessive."

*Hensley,* 461 U.S. at 434.  Here, at least 7.25 hours of the time sought in the present case is

excessive.  *See* Composite **Exhibits C through E**, and in particular plaintiff's entries dated 9/11/05,

11/18/05 & 11/13/06.

> **h.      Plaintiff is not entitled to fees for work that is vague, ambiguous, or questionable.**

Cuts in attorney's fees are appropriate in response to vague, ambiguous, or questionable

entries.  *Kenny A. ex. Rel. Winn v. Perdue*, 454 F.Supp.2d 1260, 1274-75 (N.D. Ga. 2006).  Here, at

least 1.5 hours of the time sought in the present case is for work that is vague, ambiguous, and

questionable in nature.  *See* Composite **Exhibits C through E**, and in particular plaintiff's entries

dated 6/23/08, 10/31/08 & 11/14/08.

The aforementioned hours are unjustified, excessive, wasteful, unreasonable, and, as such,

should be stricken or greatly reduced.

> **3.      THIS COURT SHOULD MAKE REDUCTIONS TO THE LODESTAR.**

Assuming this Court does not cut the rate and time before making its lodestar calculation as

described above, this Court should reduce plaintiff's fee award after calculating the lodestar.  In this

jurisdiction, the lodestar analysis is based upon the *Johnson* factors: (a) the time and labor required;

(b) the novelty and difficulty of the issues; (c) the skill required to perform the legal service

properly; (d) the preclusion of other employment by the attorney due to acceptance of the case; (e)

the customary fee; (f) whether the fee is fixed or contingent; (g) time limitations imposed by the

client or the circumstances; (h) the amount involved and the <u>results obtained</u>; (i) the experience, reputation and ability of the attorneys; (j) the undesirability of the case; (k) the nature and length of the professional relationship with the client; and (l) awards in similar cases. *Johnson*, 488 F.2d at 717-719 (*emphasis added*); *Dowdell*, 698 F.2d at 1187.

Here, plaintiff presented no evidence that his counsel required extraordinary time, labor, or skill, or that the issues presented were novel or difficult. Plaintiff's failure to provide the Court with the *Johnson* data should result in the Court reducing the lodestar calculation. *See George v. GTE Directories, Corp*., 114 F.Supp.2d 1281, 1286-89 (M.D. Fla. 2000) (reducing attorney's fees after conducting *Johnson* analysis and finding a lack of data to support the fee award or an enhancement thereof).

The instant case was not complex; in fact, it was quite simple. It involved the issue of whether a consumer's letter constituted notice that his home was an inconvenient place to received calls. Many consumers handle more complex cases *pro se* and achieve similar and in some cases better results. Notwithstanding, plaintiff's attorney is an experienced FDCPA attorney that has handled dozens (if not hundreds) of the same or similar cases and can handle such a simple case with no extraordinary effort or skill.

Also, regarding results obtained, plaintiff recovered a settlement of a modest $1,000, which is a small fraction of what was sought. Plaintiff sought $5,000.00 in actual damages and recovered none. As such, plaintiff was only minutely successful, and this Court has the discretion to reduce the fee award accordingly. *Avila v. Coca-Cola Co*., 849 F.2d 511, 514 (11th Cir. 1988) (holding court's can reduce fees based on plaintiff's limited success as a whole); *Popham v. City of Kennesaw*, 820 F.2d 1570, 1579 (11th Cir. 1987); *see also Sheffer*, 290 F.Supp.2d at 551 (cutting plaintiff's attorneys fees by 80% because plaintiff only recovered a nominal $1,000; the court found that plaintiff's "success" was very limited, which necessitated a severe reduction in fees.); *Tusa v.*

*Omaha Auto. Auction, Inc*., 712 F.2d 1248, 1255 (8th Cir. 1983) (holding the amount of damages at issue in case was a relevant factor in assessing reasonableness of attorney's fees).

Furthermore, the judgment ($1,000) is severely out of proportion with the fees sought ($88,417.50). While proportionality cannot be the sole factor for a fee reduction, a court may use the proportionality (or lack thereof) as a factor to determine the reasonableness of the fee request. *City of Riversdale v Rivera*, 477 U.S. 561, 574 (1986) (holding that the amount of damages a plaintiff recovers relative to the fees incurred is relevant and that proportionality can be a factor the court considers in a fee request, but it can't be the only factor); *Davis v S.E. Penn. Trans. Auth.*, 924 F.2d 51 53-5 (3rd Cir. 1991) (holding that proportionality of damages to fees is a factor for consideration but can't be the sole factor); *Maynard v Nygren*, 2002 WL 1931999 *1 (N.D. Ill. August 20, 2002) (same); *Hastings v Int'l. Brotherhood of Painters*, 931 F.2d 62, *3-4 (W.D. Okl. 1991) (same). Here, not only are the fees requested severely out of proportion with plaintiff's recovery at trial, but plaintiff refused to accept defendant's reasonable OOJ at the outset of litigation, plaintiff's counsel needless multiplied litigation and ran up attorney's fees, and plaintiff only recovered a small fraction of what was actually sought at trial.

In addition, 2 of the 3 sets of time records, for Mr. Yarbrough and Mr. Bueno, fail to contain time entries that were made contemporaneously with the work allegedly performed. The Yarbrough and Bueno time records are "invoices" created on November 17, 2008 – following trial and on the day the Motion for Fees was filed. In that 2 of the 3 attorneys fail to present to the Court and Defendant contemporaneous time entries, the Court has the discretion to decrease the fees accordingly. *Murray v. Playmaker Services, LLC*, 548 F.Supp.2d 1378, 1384 (S.D. Fla. 2008) (citing *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)); *Torf v. Metromedia Paging Services, Inc*., 1996 WL 118559 *4 (E.D. N.Y. March 5, 1996).

Finally, in calculating the reasonableness of the fee award, this Court should also be mindful of plaintiff's improper multiplicity of litigation.  Plaintiff pursued 3 years of litigation through and including trial only to be awarded $1,000 in damages.  In addition, 3 of the 4 counts in plaintiff's lawsuit were either dismissed, plaintiff dismissed his claims against David E. Borack personally, and plaintiff abandoned or lost at the outset, 8 out of 11 alleged violations contained in his initial complaint. *See* Dkt. 1, 50.  Such a pursuit of meritless claims, allegations, and damages caused the needless multiplicity of litigation and constituted a monumental waste of the Court's, parties', and attorneys' time.  *See* 28 U.S.C. § 1927.   The wasteful litigation and filings were also presented to harass, delay, and increase costs and fees.  *See* Fed. R. Civ. P. 11(b)(1) & (c)(1)(B).  As such, this Court has the discretion to require plaintiff and/or plaintiff's counsel to pay his own fees and even Defendant's fees and costs.

Assuming *arguendo* that this Court does not deny plaintiff' motion for fees outright and assuming this Court does not cut off fees as of November 19, 2005, this Court should make an across the board three quarters (3/4) reduction after calculating the lodestar.  An across the board cut is warranted and can withstand appellate scrutiny.  *See* below summary of appellate FDCPA fee decisions.

- *Popham*, 820 F.2d at 1581 (a 66% across the board reduction of fees was proper and upheld on appeal).

- *Erkins v. Bryan*, 785 F.2d 1538, 1545-46 (11th Cir. 1986) (a 60% across the board reduction of fees was proper and upheld on appeal).

- *Carroll*, 53 F.3d at, 628-29 (a 94% across the board reduction of fees was proper and upheld on appeal).

- *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1202 (10th Cir. 1986) (an 86% across the board reduction of fees was proper and upheld on appeal).

   *See* the below summary of district court FDCPA fee decisions.
- *Lee v American Eagle Airlines, Inc*., 93 F.Supp.2d 1322, 1333-36 (S.D. Fla. 2000) (district court reduced time across the board by 40%, multiplied the time by a reasonable hourly rate, and then reduced the total fee award again across the board by 20%).

- *Navarro v. Eskanos & Adler*, 2007 WL 4200171 (N.D. Cal. November 26, 2007) (plaintiff submitted a fee petition demanding $128,000 in fees and $9,800 in costs; the court awarded plaintiff $0 - none of her fees and no costs).

- *Altergott v. Modern Collection Techs., Inc.*, 864 F.Supp. 778, 781-83 (N.D. Ill. 1994) (plaintiff sought an award of over $9,308 in attorneys' fees and $431 in costs; the court cut the 95 total hours to 40 hours, concluding that 40 hours was a reasonable amount of time to prosecute the case; the Court then cut the lodestar figure again by 50%; ultimately, the Court awarded plaintiff $2,540 in fees and $288.60 in costs).

- *Savino v. Computer Credit, Inc.*, 71 F.Supp.2d 173 (E.D. N.Y. 1999) (plaintiff's counsel sought over $34,000 in attorney's fees; the court concluded that the $34,000 fee request was not only unreasonable, but grossly excessive and awarded plaintiff fees of $3,675).

A casual perusal of the court file demonstrates that the aforementioned litigation activity should never have occurred in the first place and that the litigation could have been completed in significantly fewer hours than claimed by plaintiff's counsel, without the duplication of effort. The Court should deny plaintiff's motion for fees entirely due to plaintiff's multiplicity of litigation, failure to accept the reasonable OOJ, and due to the poor results obtained by plaintiff at trial. Alternatively, this Court should award only those reasonable fees incurred by plaintiff up to and not after the date of the OOJ. If for some reason this Court finds that plaintiff did not needlessly multiply the litigation, was the prevailing party, did obtain favorable results at trial, and that the OOJ did not cut off fees, then the reasonable number of hours should be reduced for the lodestar calculation and then cut across the board by three-fourths (3/4ths) after calculating the lodestar.

## III. LAW AND ARGUMENT REGARDING COSTS

Plaintiff is only entitled to his reasonable "court costs" a/k/a "costs of the action." *See* 15 U.S.C § 1692k(3). Recoverable costs are delineated in 28 U.S.C. § 1920 and include only (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under § 1923; and (6) compensation of court appointed

experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828.

Here, plaintiff seeks $715.60 but fails to provide any invoices, bills, receipts or show any proof the alleged costs were necessary or actually paid.  Furthermore, on November 19, 2005, Defendant offered to pay plaintiff $300 in costs via its OOJ.  At the time the OOJ was issued, plaintiff had only $274 in costs ($250 for filing and $24 for service).  As such, any costs incurred subsequent to November 19, 2005 are unreasonable and unrecoverable. Also, Defendant has already paid Plaintiff's appellate costs.

Notwithstanding, Defendant does not object to paying for the filing fee ($250) or the service of process charges ($24).  However, Defendant objects to all other charges such as the copying and enlargement charge for a letter and the transcripts (which were ordered <u>following trial</u>) in that: (a) the alleged costs are not reimbursable under 28 U.S.C. § 1920; (b) the alleged costs were not adequately established/documented; (c) no official transcripts were ordered or obtained for use by Plaintiff; (d) no fees or disbursements for printing and witnesses were incurred; (e) no fees for exemplification and copies of papers were necessarily obtained for use in this case.

## IV. LAW AND ARGUMENT REGARDING OFFSET OR SET OFF

For reasons described in Defendant's Motion for Fees and Costs, plaintiff and/or his counsel are liable to Defendant for Defendant's fees and costs.  As such, should plaintiff acquire fees from Defendant that amount should be set off or offset from/by the amount of fees owed to Defendant. *Novack v. Novack*, 210 So.2d 215, 217 (Fla. 1968).

## V. CONCLUSION

Defendant respectfully proposes that this Court deny plaintiff's motion for attorney's fees outright and award plaintiff no fees.  In the alternative, Defendant respectfully proposes that this Court only award plaintiff $1,700 in attorney's fees and $274 in costs, which constitutes a

reasonable attorney fee and cost for this case up to 11/19/05 (date of OOJ).  Finally, assuming that

plaintiff: did not needlessly multiply litigation, could be considered a prevailing party, obtained

favorable results at trial, and that the OOJ did not cut off fees, Defendant respectfully requests that

this Court find that costs are $274 that an hourly rate of $250/hr is reasonable and that 106.9 hours

is a reasonable amount of time for plaintiff to have prosecuted the claim for a lodestar figure of

$26,725 and that this lodestar figure be reduced across the board by three-fourths (3/4ths) due to

dismissal/abandonment of claims and poor results obtained ($1,000 in nominal damages following 3

years of litigation including an appeal and trial) for a final fee figure of $6,681.25.  Following the

award, if any, Defendant respectfully requests that the Court set off or offset the award against the

fees to be awarded against plaintiff in favor of the Defendant and for such other relief as this Court

deems just and proper.

    DATED this 12th day of December 2008.

Respectfully submitted,

                              s:/Steven M. Canter
                              Steven M. Canter, Esq.
                              Florida Bar No. 605891
                              Borack & Associates, P.A.
                              2300 Maitland Center Parkway
                              Suite 200
                              Maitland, Florida 32751
                              Telephone No.: (321) 282-4111 ext 124
                              Facsimile No.: (321) 282-4112

                              Counsel for The Law Office of David E. Borack,
                              P.A.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**HARRY L. DANOW,**

                                  **Case No.: 05-61562-CIV-MARTINEZ/BANDSTRA**

      **Plaintiff,**                           **CONSENT CASE**

**v.**

**LAW OFFICES OF DAVID E. BORACK, P.A.**

      **Defendant.**

_____/

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 12, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                  s:/Steven M. Canter
                                  Steven M. Canter, Esq.

Donald A. Yarbrough, Esq.
P.O. Box 11842
Ft. Lauderdale, Florida 33339

Leo Bueno, Esq.
LEO BUENO, ATTORNEY, P.A.
P.O. Box 141679
Coral Gables, FL  33114-1679

Counsel for Harry L. Danow
Via transmission of Notices of Electronic Filing generated by CM/ECF