UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 05-61562-Civ-Martinez/Bandstra

**CONSENT CASE**

HARRY L. DANOW,

    Plaintiff.

v.

THE LAW OFFICE OF DAVID E. BORACK, P.A.,

    Defendant.

_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S VERIFIED MOTION FOR AN AWARD OF COSTS AND ATTORNEY FEES**

    Plaintiff, HARRY L. DANOW, files his Reply to Defendant's Opposition (DE 163) to Plaintiff's Verified Motion for an Award of Costs and Attorney Fees (DE 146) and, in support thereof, states as follows:

    1.    Defendant asserts that Plaintiff is entitled to attorney fees of only $1,700. It asserts that Plaintiff is not entitled to any attorney fees after the service of Defendant's offer of judgment. Defendant is wrong. Plaintiff has fully briefed[1] the issue of the invalidity of Defendant's offer of judgment in Plaintiff's

---

[1] Plaintiff adds one additional authority: "When Trans Union acknowledged that it owes McCauley $240, but offered the money with the requirement that the settlement be confidential, Trans Union made a conditional offer that McCauley was not obliged to take." McCauley v. Trans Union, L.L.C., 402 F.3d 340, 342 (2d Cir. N.Y. 2005). In the instant case, Defendant's offer of judgment was conditional and required a confidentiality clause and accordingly Plaintiff was not obligated to accept it. More importantly Plaintiff did better at trial because he is not under any confidentiality requirement as a result of his favorable trial verdict.

Opposition to Defendant's Motion for Attorney Fees (DE 162) and relies upon those arguments here as well. Defendant's assertion that its offer of judgment cuts-off Plaintiff's right to subsequent fees is also wrong. Plaintiff is entitled to all reasonable fees. His fees after the offer of judgment are reasonable, because the offer of judgment was for an amount way less than Plaintiff's then accrued attorney fees. Plaintiff does not have to sacrifice his reasonable attorney fees merely to obtain the fruits of the $1,000.00 statutory damages Defendant offered. Defendant had other options if it wanted to pay Plaintiff's reasonable attorney fees and costs in its offer. *Defendant could simply offered Plaintiff $1,000.00 in damages with reasonable attorney fees to be determined by the Court*. This is commonly done in offers of judgment. Defendant did not make such an offer because it was not willing to pay reasonable attorney fees. It wanted to pay less than reasonable fees and not let the Court decide those fees. It also wanted to obtain a confidentiality clause for which it did not offer any compensation at all.

    2.    The crux of Defendant's argument is that it offered the full amount of relief to which Plaintiff was entitled and Plaintiff rejected that offer for the sole purpose of running up attorney fees. This argument is wrong. Defendant's offer of judgment did *not* provide the full relief to which Plaintiff was entitled: it short changed on attorney fees and it short changed by requiring a confidentiality clause with no compensation. When the value of the confidentiality clause is considered,

Defendant's offer of $1,000 to Plaintiff is less than the amount Plaintiff obtained from the jury verdict. Despite its contention to the contrary, Defendant is arguing the "proportionality" issue as the *only* issue in this case. The US Supreme Court has specifically rejected this argument in affirming a fee award of $245,456 on a jury verdict of approximately $66,000:

> A rule limiting attorney's fees in civil rights cases to a proportion of the damages awarded would seriously undermine Congress' purpose in enacting § 1988. Congress enacted § 1988 specifically because it found that the private market for legal services failed to provide many victims of civil rights violations with effective access to the judicial process. A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts, and would be totally inconsistent with Congress' purpose of ensuring sufficiently vigorous enforcement of civil rights. In order to ensure that lawyers would be willing to represent persons with legitimate civil rights grievances, Congress determined that it would be necessary to compensate lawyers for all time reasonably expended on a case. Pp. 576-580.

*Riverside v. Rivera*, 477 U.S. 561 (U.S. 1986).

3.  The fees have risen to their high levels in this case because of Defendant's intransigence. For example, although a final judgment was entered October 1, 2008, (DE 138), Defendant has not satisfied the judgment nor has it posted the required bond to ensure payment while Defendant appeals the jury verdict. Defendant's failure to voluntarily satisfy the outstanding judgment thereby triggering additional legal work for Plaintiff is an example of why the fees have risen to there present level in this litigation. A further example: In the prior appeal of this case, Defendant refused to pay Plaintiff for the cost of his appellate filing fee, necessitating Plaintiff's motion to compel payment. A further example: When

Plaintiff's appellate brief was inadvertently filed one day out of time, Defendant sought dismissal with prejudice, which was denied by the 11th Circuit. Defendant's position was without merit but triggered fees unnecessarily. Defendant filed numerous motions seeking sanctions against Plaintiff and his counsel, all of which were denied by the Court. This type of litigation strategy is unwarranted, caused the fees to rise and is the reason that Plaintiff was required to vigorously litigate this case – which even after entry of judgment and denial of Defendant's post judgment motions to set aside the judgment and for new trial, is not yet concluded because Defendant has failed to satisfy the judgment. In Defendant's view, Plaintiff is required to sit, do nothing and let Defendant steamroll him.

4. Plaintiff did drop some of his claims during this case. When Plaintiff's initial complaint was dismissed with prejudice, Plaintiff dropped some of his claims, and appealed what appeared to be the strongest claim. This is not evidence of bad faith or frivolity, it is an example of proper litigation conduct and is routinely done by both Plaintiffs and Defendants. As a case progresses, facts are uncovered, case law is uncovered, the arguments of one's opposition are evaluated and a good faith litigant takes these into account and drops some claims and defenses. Regarding the individual Defendant, David E. Borack, Plaintiff did not refile its claim against Mr. Borack after the 11th Circuit remanded the case because it came to Plaintiff's attention that Defendant, Law Office of David E. Borack, P.

A., was a fictitious name for David E. Borack and, accordingly, there was no reason to continue with both Defendants when they were one and the same.[2]

5. Plaintiff also withdrew some of his claims at the inception of trial, not because those claims were frivolous, they had survived summary judgment, but because it made sense to present a more cogent case to a jury. The Court had denied the parties motions for summary judgment, demonstrating that the then alleged claims were valid. Defendant had asserted the bona fide error defense through out this case, however, the jury specifically rejected it on the verdict form, demonstrating that Defendant did not employ reasonable procedures to prevent the violations alleged. The jury also rejected Plaintiff's claim for actual damages, but awarded the maximum amount of statutory damages permitted under the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq*., The rejection of Defendant's defense and of Plaintiff's claim for actual damages does not demonstrate bad faith on the part of either party. As stated in NACCP v Town of E. Haven, below, the Court should not rely on hindsight to determine whether further litigation and the attendant attorney fees was warranted, otherwise a Plaintiff with a meritorious claim could be dissuaded from pressing forward:

---

[2] See the 11th Circuit's order in an unrelated case: "The name of Borack's law office, the 'Law Office of David E. Borack, P.A.' is the name by which Borack holds himself out to the public, and it is also the name by which the firm has been registered with the state of Florida since 2001, in accordance with Florida's fictitious names registration statute, Fla. Stat. § 865.09."

*Starosta v. MBNA Am. Bank, N.A.*, 244 Fed. Appx. 939, 941-942 (11th Cir. Fla. 2007)

> Absent a showing of bad faith, 'a party's declining settlement offers should [not] operate to reduce [**19] an otherwise appropriate fee award.'" Ortiz, 980 F.2d at 141 (quoting Cowan v. Prudential Ins. Co. [*120] of Am., 728 F. Supp. 87, 92 (D. Conn. 1990) (Winter, C.J., sitting by designation), rev'd on other grounds, 935 F.2d 522 (2d Cir. 1991)); see also Raishevich v. Foster, 247 F.3d 337, 347 (2d Cir. 2001) (holding that a district court abused its discretion by denying fees to a party "on the basis of that party's rejection of the court's [informal oral] settlement proposal, which was also rejected by his adversary"). If a district court were allowed to "rely on informal negotiations and hindsight to determine whether further litigation was warranted and, accordingly, whether attorney's fees should be awarded. . . .,plaintiffs with meritorious claims [could] be improperly dissuaded from pressing forward with their litigation." Ortiz, 980 F.2d at 140-41.

<u>NAACP v. Town of E. Haven</u>, 259 F.3d 113, 119-120 (2d Cir. Conn. 2001)

6. Defendant's Offer of Judgment was an informal settlement offer. It did not meet the requirements of Rule 68, as briefed in Plaintiff's Opposition to Defendant's Motion for Attorney Fees (DE 162). It was simply a settlement offer which at the time did not make sense to accept:

> There is no question that in hindsight, the class would have been better off accepting either one of defendant's February 2001 offers. But this type of Monday-morning quarterbacking is inappropriate; we must look at matters as they appeared at the time and determine whether ECL acted reasonably.

<u>Hobson v. Lincoln Ins. Agency, Inc</u>., 2002 U.S. Dist. LEXIS 3470 (N.D. Ill. Mar. 4, 2002)

7. One need not have the benefit of hindsight to determine that Plaintiff should not have accepted Defendant's offer of judgment in this case. The offer was simply inadequate in terms of the attorney fees of only $1,700 contained therein

6

and it included a confidentiality clause with unknown terms and conditions for which it offered no compensation. There is certainly some economic value to Defendant's confidentiality clause, or Defendant would not have made it an essential term of its offer – yet Defendant offered nothing for this obligation. When the value of the confidentiality clause is considered, Defendant's offer was actually for less than the $1,000 damages included in the offer.

8. In this case, Mr. Danow's claim was determined to be meritorious because a jury awarded him the maximum amount of statutory damages available. In the 11th Circuit, statutory damages are limited to $1,000.00 per case, not per violation. *Harper v. Better Business Servs., Inc.*, 961 F.2d 1561, 1562 (11th Cir. Ga. 1992).

9. Mr. Danow did not pursue his claims in bad faith. He was faced with an intransigent adversary and incurred appropriate fees in opposing that adversary. Defendant sole offer to settle this case was contained in its Offer of Judgment, which did not provide Plaintiff reasonable compensation for his damages and then incurred attorney fees and costs. Plaintiff's attorney fees were well in excess of the $1,700.00 Defendant offered. Plaintiff is not obligated to sacrifice his attorney fees in order to obtain the damages of $1,000.00 Defendant offered. Plaintiff also ultimately did better than the offer of judgment, because the offer of judgment included a confidentiality clause. Although the precise terms of the confidentiality

clause was not disclosed in Defendant's offer of Judgment, it nonetheless would have been a contractual obligation on Plaintiff. Because Plaintiff prevailed at trial, he is not burdened by the undefined terms of Defendant's confidentiality clause. Under these circumstances, it was appropriate for Plaintiff to push forward his claim to judgment, which he did, and the fees and costs incurred in doing so are reasonable and appropriate.

10. Defendant relies upon *Lee v. Thomas & Thomas*, 109 F.3d 302, 304 (6th Cir. Ohio 1997) cited at page 4 of Defendant's brief. In Lee, the Defendant made an offer of judgment for $2,000, which was rejected. Much later in the case Defendant made an offer of judgment for $1,200 plus reasonable attorney fees and costs, which Plaintiff accepted. The court indicated that the amount of the Defendant's initial offer was sufficient to cover his then accrued attorney fees and costs. The instant case is distinguishable because Mr. Danow's attorney fees were well in excess of the $1,700 Defendant offered in this case. Likewise, Defendant's cite to *Carroll v Wolpoff,* 53 F.3d 626 (4th Cir. Md. 1995) is distinguishable. In Carroll, the Court noted that the Plaintiff recovered only 5% of the statutory damages amount of $1,000.00 and allowed the reduction of the attorney fees award for lack of success. In this case, Mr. Danow obtained 100% of the amount of statutory damages and should then be entitled to his reasonable attorney fees and costs.

11.     Defendant's contention that Plaintiff was required to seek his appellate fees from the 11th Circuit after the appeal was decided is wrong. At the time the appeal was decided, Plaintiff was not yet entitled to attorney fees. The cases Defendant cites are inapposite. The 11th Circuit Rule 39-2(e) expressly forecloses Defendant's argument:

> (e) Remand for Further Proceedings. When a reversal on appeal, in whole or in part, results in a remand to the district court for trial or other further proceedings (e.g., reversal of order granting summary judgment, or denying a new trial), a party who maybe eligible for attorney's fees on appeal after prevailing on the merits upon remand may, in lieu of filing an application for attorney's fees in this court, request attorney's fees for the appeal in a timely application filed with the district court upon disposition of the matter on remand.

12.     Defendant's contention that Plaintiff's appellate counsel, Deepak Gupta, is not entitled to his attorney fees because he is not admitted to the Florida Bar is wrong. Mr. Gupta is admitted to the Bar of the 11th Circuit and he is not required to also be a member of the Florida Bar to be entitled to his attorney fees.

13.     Defendant's argument that Plaintiff failed to obtain actual damages from the jury and therefore is not entitled to his reasonable fees makes little sense for two reasons. One, because Defendant's Offer of Judgment was for less than Plaintiff's then accrued attorney fees and when the value of the attendant confidentiality cause is considered, Defendant's Offer of Judgment was for less than the amount for which Plaintiff obtained from the jury. Plaintiff did better with the jury than he would have done with Defendant's Offer of Judgment. Second, it

is difficult to see how anything in this case would have different whether Plaintiff requested actual damages or not. Defendant did not even take the deposition of Plaintiff, so it is hard to see how the actual damages issue would have changed the case in any way.

14. Defendant has not submitted *any* expert opinion contradicting Plaintiff's expert opinion. Plaintiff's fees were necessary and reasonable for the litigation of this case. Defendant's cite to <u>Martinez v Stern</u> 266 B. R. 523, 543 (S. D. Fla 2001) in support of its contention that fees should be $200.00 hour is wrong because it is outdated. Mr. Danow's fees were incurred between 2005 and 2009, accordingly a fee award from 2001 is not comparable. Plaintiff's counsel contemporaneously recorded their time, however, they did not print out their time bills until needed for this motion and hence the date on the bills are not the same as the date the time was incurred.

15. Finally, there is no justification for an across the board reduction of fees of 75% as Defendant argues.

    Respectfully submitted,

    DONALD A. YARBROUGH, ESQ.
    Attorney for Plaintiff
    Post Office Box 11842
    Fort Lauderdale, Florida 33339
    Telephone (954) 537-2000

        Facsimile (954) 566-2235
        donyarbrough@mindpring.com

By: s/Donald A. Yarbrough
   Donald A. Yarbrough, Esq.
   Florida Bar No. 0158658

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 05-61562-Civ-Martinez/Bandstra

**CONSENT CASE**

HARRY L. DANOW,

    Plaintiff.

v.

THE LAW OFFICE OF DAVID E. BORACK, P.A.,

    Defendant.
_____/

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on January 26, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        s/Donald A. Yarbrough
                                        Donald A. Yarbrough, Esq.

**SERVICE LIST**

Mr. Steven M. Canter, Esq.
Borack & Associates, P. A.
Suite 200
2300 Maitland Center Parkway
Maitland, FL 32751
Telephone    954-644-7331
Facsimile    954-644-7297
Attorney for Defendant, THE LAW OFFICE OF DAVID E. BORACK, P.A.

Via transmission of Notices of Electronic Filing generated by CM/ECF