UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 05-61562-CIV-MARTINEZ/BANDSTRA

HARRY L. DANOW,

    Plaintiff,
vs.

**CONSENT CASE**

THE LAW OFFICE OF DAVID E.
BORBACK, P.A.,

    Defendant.
_____/

**POST-TRIAL ORDER ON MOTIONS FOR ATTORNEY'S FEES AND COSTS**

THIS CAUSE is before the Court on (a) Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees (D.E. 146) filed on November 17, 2008; and (b) Defendant's Motion for Attorney's Fees and Costs (D.E. 141) filed on November 1, 2008. This case was previously tried by jury before the undersigned on June 23 and 24, 2008, resulting in a jury verdict in favor of plaintiff, Harry L. Danow, in the amount of $1,000.00.[1] Plaintiff now seeks attorney's fees and costs in the total amount of $89,133.10 as the prevailing party in the case and pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. Defendant, the Law Office of David E. Borack, P.A., opposes any award of attorney's fees and costs in plaintiff's favor and seeks attorney's fees and costs for defendant pursuant to an Offer of Judgment previously made to plaintiff pursuant to Fed.R.Civ.P. 68 and under the "bad faith" provisions of 15 U.S.C. § 1692 (k) and 28 U.S.C. § 1927.

---

[1] Previously, the parties consented to the jurisdiction of the undersigned for all proceedings including trial pursuant to 28 U.S.C. §636(c).

Following full review of the pleadings, the Court file and applicable law, and finding plaintiff entitled to reasonable attorney's fees and costs as the prevailing party in this case, the Court hereby

ORDERS AND ADJUDGES as follows:

(a) Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees (D.E. 146) is GRANTED with the Court awarding attorney's fees in the amount of $62,895.00 and costs in the amount of $715.60; and

(b) Defendant's Motion for Attorney's Fees and Costs is DENIED.

## ANALYSIS

A. <u>Plaintiff's Motion for Fees and Costs</u>

Plaintiff moves for attorney's fees and costs as the prevailing party in this case having secured a jury verdict in the amount of $1,000.00 as statutory damages following a finding that defendant violated the FDCPA without *bona fide* error on defendant's part. Plaintiff correctly argues that the FDCPA entitles a successful consumer to the payment of costs and a reasonable attorney's fee citing federal decisions holding that an award of fees and costs is mandatory under the FDCPA. *See Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2nd Cir. 1989); *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991); *Thorpe v. Collection Information Bureau*, 963 F.Supp. 1172, 1174 (S.D. Fla. 1996). Plaintiff prevailed at trial and was awarded $1,000.00 in statutory damages by the jury. Thus the Court finds that plaintiff is entitled to costs and a reasonable attorney's fee as the prevailing party in this case.

1. <u>Attorney's Fees</u>

Turning first to attorney's fees, the Court recognizes that the starting point in setting a reasonable fee is determining the "loadstar" figure, i.e., the number of hours reasonably expended by plaintiff's attorneys on the litigation multiplied by the reasonable hourly rates for each attorney. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of City of Mountgomery*, 836 F.2d at 1292, 1299 (11th Cir. 1988). Once "'the applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is *presumed* to be the reasonable fee' to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 564 (1986)(*quoting Blum v. Stensen*, 465 U.S. 886, 897 (1984)) (emphasis in original).[2]

Here, plaintiff requests a total attorney's fee of $88,417.50 for the legal services of three attorneys who represented him in this case. Plaintiff's lead attorney, Donald A. Yarbrough, who represented plaintiff between September 2005 and the present, has submitted a detailed schedule of his legal services totaling 165.60 attorney hours for which he seeks compensation at the hourly rate of $350.00. Mr. Yarbrough seeks a total attorney's fee for himself of $57,960.00 (165.60 hours x $350/hr.) for his services.

---

[2]Although many of the fee-shifting decisions on which this Court relies arose in the context of civil rights statutes and not the FDCPA, each of these statutes use the term "reasonable attorney's fee" and serves the same general purpose of shifting fees in order "to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws." *Pennsylvania v. Delaware Valley, supra*, 478 U.S. at 565. "[F]ee-shifting statutes' similar language is a 'strong indication' that they are to be interpreted alike." *Independent Fed.'n v. Flight Attendants v. Zipes*, 491 U.S. 754, 758 n.2 (quoting *Northcross v. Memphis Bd. of Educ.*, 412 U.S. 427, 428 (1973)).

Plaintiff's appellate counsel, Deepak Gupta, has submitted his billing statement for services provided between March 2006 and March 2008, resulting in the successful appeal of the prior dismissal of this case. Mr. Gupta details 56.05 attorney hours billed at $350/hr. for which he requests an attorney's fee in the amount of $19,617.50. Finally, plaintiff submits the declaration and billing statement of Leo Bueno, Esq., who served as co-counsel with Mr. Yarbrough at trial in which he attests to working 27.10 hours on the case for which he requests payment at the rate of $400.00 per hour. Altogether, plaintiff seeks the total amount of $88,418.00 as a combined attorney's fee in the case.

Defendant opposes any attorney's fee for plaintiff on several grounds. First, defendant argues that plaintiff should be awarded no fee whatsoever due to plaintiff "engaging in the multiplicity of litigation for over three years" resulting in only "a nominal $1,000.00 in statutory damages for a technical statutory FDCPA violation." Def. Resp., pgs. 1. 4-5. Second, defendant argues that plaintiff is entitled to no fees or costs after November 19, 2005 when defendant offered $3,000 to settle the case. Def. Resp., pgs. 5-6, 10-11. Third, defendant argues that plaintiff's attorney's fee is unreasonable in both hours of work and hourly rates charged by plaintiff's counsel. Def. Resp., pgs. 7-13. Fourth, defendant argues that plaintiff is not entitled to an appellate fee absent a request for such fees in the appellate court. Def. Res., pgs. 13-14. Finally, defendant argues that plaintiff brought this action in "bad faith and for the purposes of harassment" so that defendant, not plaintiff, should be awarded fees and costs under 15 U.S.C. §1692(k), Fla.Stat. §559.77(2), and 28 U.S.C. §1927.

   a. *No valid offer of judgment*

Defendant first argues that its Rule 68 Offer of Judgment in the amount of

$3,000.00, served on plaintiff on November 19, 2005, should preclude any attorney's fees accrued after that date. Defendant argues that he offered to pay plaintiff the total sum of $3,000.00 on that date which was less than two months after the commencement of this case. Defendant contends that plaintiff refused the offer without reason and then needlessly continued this litigation for four years achieving only "limited success" well below the Offer of Judgment.

Defendant's Offer of Judgment was made under Rule 68 of the Federal Rules of Civil Procedure which provides in relevant part:

> (a) Making an Offer; Judgment on an Accepted Offer. More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.
>
> (d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed.R.Civ.P. 68(a), (d) (2008).

The main purpose of the rule is to encourage settlement and avoid litigation. See Fed.R.Civ. P 68, Advisory Committee Notes, 1946 amendments; *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Marek v. Chesny*, 473 U.S. 1, 3 (1985); *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-Op., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002). As noted by the Eleventh Circuit, the rule meets this objective by employing a two-part approach.

> First, Rule 68 allows a defendant to make a firm, non-negotiable offer of judgment. Unlike traditional settlement negotiations, in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may only accept or refuse. If he accepts, the Court automatically enters judgment in his favor; if he refuses, the case proceeds. Second, the Rule encourages plaintiffs to accept reasonable offers through what is referred to

as its "cost-shifting" provision, which forces a plaintiff who refuses an offer and then ultimately recovers less at trial than the offer amount to pay the costs incurred from the time of the offer. Thereby, "[t]he Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits."

*Util. Automation 2000, Inc.*, 298 F.3d at 1240-1241 (*quoting Marek*, 473 U.S. at 1)). Where the rule operates, an award is mandatory. *See Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997) ("We believe the mandatory language of the rule leave no room for district court discretion.")

Defendant's Offer of Judgment dated November 15, 2005 provided in relevant part:

| | |
|---|---|
| Relevant Condition: | The Plaintiff shall dismiss this lawsuit, with prejudice, in its entirety and execute a confidential release. |
| Total Amount Offered: | The total amount of this Offer of Judgment is THREE THOUSAND ($3,000.00) DOLLARS, to be paid to the Plaintiff, HARRY L. DANOW, by the Defendants, DAVID E. BORACK and THE LAW OFFICE OF DAVID E. BORACK, P.A. |
| Attorneys Fees & Costs: | Inclusive in the total amount offered herein is an offer of ONE THOUSAND, SEVEN HUNDRED ($1,700.00) DOLLARS for attorneys fees and THREE HUNDRED ($300.00) DOLLARS as costs, to be paid to the Plaintiff, HARRY L. DANOW, by the Defendants, DAVID E. BORACK and THE LAW OFFICE OF DAVID E. BORACK, P.A. |

Plaintiff correctly notes that defendant's Offer of Judgment was in the total amount of $3,000.00, specifically allocated as $1,700.00 for attorney's fees, $300.00 for costs, and $1,000.00 for plaintiff as damages. Plaintiff then argues that the Offer of Judgment is no bar to his current request for additional fees and costs because (1) his attorney's fees and costs exceeded $5,800.00 on the date of the Offer of Judgment, and (2) because plaintiff "beat" the dollar amount of defendant's offer of judgment at trial.

Reviewing Rule 68 and relevant case law, the Court finds that defendant's Offer of Judgment does not operate to preclude plaintiff's recovery of attorney's fees and costs here. As noted previously, the rule provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed.R.Civ.P. 68(d). The United States Supreme Court has held that "the plain language of Rule 68 confines its effect to ... the type of case ... in which the plaintiff has obtained a judgment for an amount less favorable that the defendant's settlement offer." *Delta Air Lines*, 450 U.S. at 351. Both the Supreme Court and lower federal courts have repeatedly applied Rule 68 according to its plain language. *See Marek v. Chesny*, 473 U.S. at 9 ("This 'plain meaning' interpretation of the interplay between Rule 68 and § 1988 is the only construction that gives meaning to each word in both Rule 68 and § 1988."); *Fry v. Bd. of County of Baca*, 7 F.3d 936, 943-944 (10th Cir. 1993) (noting that Rule 68 is limited to cases where the offeree prevails, but recovers an amount less than the offer) (*citing Delta Air Lines*, 450 U.S. at 351); *Bright v. Land O'Lakes, Inc.*, 844 F.2d 436, 433-434 (7th Cir, 1988) (rejecting contention that Rule 68 precluded award of attorney's fees and costs for time spent subsequent to the date the offer of judgment; focusing on the plain language of the rule); *Mann v. Acclaim Fin. Srvcs., Inc.*, 348 F. Supp. 2d 923, 928 (S.D. Ohio 2004) (holding that an award of attorney's fees for time spent prosecuting FDCPA claim after date of Rule 68 offer was not precluded by language of Rule 68 because the offer was not more favorable than the actual recovery).

In the instant case, the judgment obtained by plaintiff is not less favorable than the amount offered by defendant. Rather, the jury award of $1,000.00 is exactly the same as defendant's Offer of Judgment which specifically provided for damages to plaintiff of

7

$1,000.00, plus attorney's fees and costs of $2,000.00. Plaintiff contends that his attorney's fees and costs far exceeded $2,000.00 as of the date of defendant's Offer of Judgment. The Court finds it unnecessary to resolve this issue in light of the clear offer of only $1,000.00, apart from fees and costs, which is not "less favorable" to defendant's offer so that defendant's Offer of Judgment does not bar plaintiff's recovery of fees and costs under *Delta Airlines* and the other authorities cited above.

 b. *No other bar to recovery of fees and costs*

Defendant also argues that plaintiff should recover no attorney's fees and costs because of his "limited success" at trial, the frivolity of claims dismissed before trial, plaintiff's "improper multiplicity of litigation," and plaintiff's "bad faith" in bringing this case solely for the purpose of harassment. This Court, having full jurisdiction and constant oversight of this case since November 2005, finds no factual support for defendant's charges of bad faith, improper purpose, multiplicity of litigation, or frivolity of claims. Rather, the Court finds that plaintiff persevered in pursuing legitimate claims through the diligent effort of his attorney despite a vigorous defense and the necessity to appeal a prior dismissal in this case. Plaintiff was finally able to convince the jury of his claim and was awarded full statutory damages. The fact that plaintiff brought and pursued related claims later dismissed or dropped before trial, does not imply bad faith or improper purpose, or lead to the conclusion that plaintiff had only "limited success" in the case. Thus, the Court finds no bar to an award of attorney's fees and costs for any reason.

 c. *The appropriate attorney's fee here*

As noted above, plaintiff seeks a total attorney's fee in the amount of $88,417.50 pursuant to 15 U.S.C. § 1692(k)(a)(3) which provides in relevant part;

>...any debt collector who fails to comply with any provision of this subchapter... is liable to such person in an amount equal to the sum of [actual damages] [statutory damages] and (3) in the case of any successful action to enforce the foregoing liability, **the costs of the action, together with a reasonable attorney's fee as determined by the court**.

(Emphasis added). As noted above, the award of attorney's fees to a successful plaintiff for a debt collector's violation is mandatory.

In determining what constitutes a reasonably attorney's fee under the FDCPA, the Eleventh Circuit applies the traditional analytical framework of *Blum v. Stenson*, 465 U.S. 886, 888 (1984). *See Hollis*, 984 F.2d at 1161 (noting that the *Blum* principle applied equally well to awards of attorney's fees under the Act) (citing *Independent Fed'n of Flight Attendants v. Zipes*, 491 U.S. at 754. "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum*, 465 U.S. at 888 (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). This "lodestar" may then be adjusted for the results obtained. *See American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d at 1299)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

In this case, plaintiff was represented by three attorneys, Donald A. Yarbrough, Deepak Gupta and Leo Bueno, at various stages of the case. Mr. Yarbrough seeks an hourly rate of $350.00; Mr. Gupta the same; and Mr. Bueno seeks $400.00. All three

attorneys have submitted declarations of their education and experience, as well as their chronological billing records in the case showing dates of work performed and a summary work performed on each date. Plaintiff also submits the declaration of Steven F. Grover, a local attorney familiar with FDCPA litigation and fees and costs typically awarded in such cases, who attests to the reasonableness of the hourly rates requested by plaintiff's attorneys and the reasonableness of the requested fee.

Reviewing the attorney declarations, recent fee awards for these attorneys and relevant law, and relying on the Court's own familiarity with attorney hourly rates typically awarded in this community, the Court determines that Mr. Yarbrough and Mr. Gupta should be compensated at an hourly rate of $300.00 per hour. Mr. Yarbrough, plaintiff's lead attorney and counsel of record since the start of this case, acknowledges that he has sought and been awarded $300.00 per hour in numerous FDCPA cases recently litigated in this district. This Court chooses to use this same rate in light of the billing rate of Mr. Yarbrough throughout much of this case and recent court decisions awarding him this amount. Plaintiff's other two attorneys, Deepak Gupta and Leo Bueno, are both experience attorneys, as reflected in their declarations, and familiar with FDCPA cases. Nevertheless, the Court chooses to award Mr. Gupta at the hourly rate of $300.00, and no amount for Mr. Bueno for reasons explained below.

According to plaintiff's verified motion, plaintiff's counsel billed a total of 248.75 hours in this matter broken down as follows:

| | |
|---|---|
| Donald A. Yarbrough | 165.60 hours |
| Deepak Gupta | 56.05 hours |
| Leo Bueno | 27.10 hours |

Mr. Yarbrough advises that he exercised billing judgment in the preparation of his time records choosing not to bill for 14.5 hours he worked on the case, or for a paralegal who expended substantial time both before and at trial. Mr. Gupta spent 56.05 hours bringing plaintiff's appeal following dismissal of all counts which required an examination of the record, identifying the issues and research and writing the opening and reply briefs filed with the appellate court. Mr. Gupta chose not to build for clerical work normally performed by a paralegal or for Westlaw research expenses. Mr. Bueno served as co-counsel at trial and expended 38.90 hours - - choosing not to bill for 11.80 hours which duplicated Mr. Yarbrough's time, or for travel and administrative tasks.

Defendant objects to plaintiff's counsel's hours as unreasonable and excessive in view of the "nominal" damages awarded by the jury. Defendant reviews plaintiff's billing records and makes several objections including improper billing for administrative time, duplicative time, and time for vague, ambiguous and/or questionable work.

Reviewing plaintiff's counsel's billing records against defendant's several objections, this Court finds that plaintiff is entitled to recovery for some but not all of his attorneys' time. Turning first to Mr. Yarbrough, the Court finds that plaintiff should not be compensated for time spent preparing motions for extensions of time, conferencing with co-counsel in preparation for trial, and for traveling to and from the Miami courthouse. Otherwise, the Court finds that Mr. Yarbrough's time is well documented, reasonably expended, and directly related to this case. Accordingly, the Court subtracts only 12 hours from Mr. Yarbrough's work hours for these unnecessary or non-litigation activities.

With respect to Mr. Gupta and the appeal, the Court agrees that plaintiff is entitled to request appellate fees from this Court rather than the Court of Appeals under Rule 39.2

(r) of the Eleventh Circuit Court of Appeals. The Court also disagrees with defendant's assertion that Mr. Gupta need be a member of The Florida Bar in order to seek fees in this case. Finally, the Court finds that Mr. Gupta's time records are sufficiently detailed and reveal no evidence of excessive, frivolous or non-related work activities. Thus, the Court awards plaintiff for all 56.05 hours worked by Mr. Gupta on the appeal.

Finally, the Court addresses Mr. Bueno's work as co-counsel at trial. Mr Bueno's billing records reflect that he was first contacted by Mr. Yarbrough on June 19, 2008, just days before trial, and asked to serve as co-counsel at trial. Mr. Bueno agreed and then helped Mr. Yarbrough prepare plaintiff for trial and perform other pre-trial work before attending trial on June 23 and 24, 2008. Mr. Bueno spent 38.90 hours on the case of which 5.1 hours were for travel time; 16.3 hours were for trial attendance, and the remaining 17.5 hours were for conferences with Mr. Yarbrough, review of court documents, and other incidental work not directly related to the final result in the case.

Reviewing Mr. Bueno's time, the Court finds that his work mostly duplicated that of Mr. Yarbrough's, and was unnecessary for the simple presentation of this case to the jury over two trial days. Simply stated, the Court finds no need for Mr. Yarbrough bringing in a second attorney on the eve of trial, and recalls that the case was presented to the jury by Mr. Yarbrough with Mr. Bueno assisting only with locating documents and other such tasks. Thus, the Court agrees with defendant that Mr. Bueno's time was unnecessary, duplicative, and not compensable in this case.

In summary, the Court awards plaintiff for 153.6 hours of Mr. Yarbrough's time at $300.00 per hour, and $56.05 hours for Mr. Gupta's time at $300.00 per hour for a total attorney's fees of $62,895.00.

2. *Recoverable Costs*

Plaintiff also requests reimbursement of costs in the amount of $715.60 for expenses incurred, including a filing fee of $250.00, a process server fee of $24.00, a copy fee of $63.60 for demonstrative exhibits used at trial, and $378.00 for partial trial transcripts also used at trial. Defendant objects to all of these costs except the filing fee and process server fee on the grounds that such costs are not reimbursable under 28 U.S.C. §1920 and/or are insufficiently documented as expenses actually incurred by plaintiff in this case.

The Court disagrees with these objections and awards plaintiff the requested amount, finding that such expenses are reimbursable under 28 U.S.C. §1920 and sufficiently documented in this case.

B. Defendant's Motion for Fees and Costs

Defendant has moved for attorney's fees and costs in the total amount of $23,252.98 pursuant to 15 U.S.C. § 1692(k)(a)(3), Fla.Stat. §559.77(2); F.R.Civ.P. 68; and 28 U.S.C. § 1927. Defendant essentially argues that plaintiff's action was brought in bad faith and for the purpose of harassment, raised no justiciable issues of law or fact, was unnecessarily pursued after defendant's Offer of Judgment, and was unreasonably and vexatiously litigated by plaintiff and his counsel as evidenced by the dismissal or abandonment of certain claims prior to trial and/or the nominal damages awarded by the jury.

This Court has closely scrutinized defendant's arguments in light of the Court's familiarity with the case since its filing in 2005 and the final result. In so doing, the Court finds no support for defendant's motion under any of the cited statutes or rules. Defendant

vigorously opposed plaintiff's claims from the outset of this case and continues to do so with the filing of this motion. Despite this opposition, plaintiff has prevailed on an earlier appeal and after a jury trial. Plaintiff, not defendant, is the prevailing party in this case and is entitled to attorney's fees and costs for the above stated reasons. Accordingly, defendant's motion for attorney's fees and costs is DENIED.

      DONE AND ORDERED in Miami, Florida this 10TH day of June, 2009.

                                              Ted E. Bandstra
                                    United States Magistrate Judge

Copies furnished to:

Honorable Jose E. Martinez
All counsel of record