# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**John Ley**
Clerk of the Court

For rules and forms visit
www.ca11.uscourts.gov

March 23, 2010

Steven M. Larimore
Clerk, U.S. District Court
400 N MIAMI AVE RM 8N09
MIAMI FL 33128-1813



FILED by _____ D.C.
MAR 2 6 2010
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

**Appeal Number: 09-13560-GG**
Case Style: Harry L. Danow v. David E. Borack
District Court Number:  05-61562 CV-TEB

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
  Original Exhibits, consisting of: one folder
  Original record on appeal or review, consisting of: eight volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

John Ley, Clerk of Court

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 09-13560

District Court Docket No.
05-61562-CV-TEB

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Feb 22, 2010

JOHN LEY
CLERK

HARRY L. DANOW,

Plaintiff-Appellee,

versus

THE LAW OFFICE OF
DAVID E. BORACK, P.A.,

Defendant-Appellant.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Southern District of Florida

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
MAR 2 3 2010
U.S. COURT OF APPEALS
ATLANTA GA

Entered:        February 22, 2010
For the Court:  John Ley, Clerk
        By:     Clark, Djuanna

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 09-13560
Non-Argument Calendar

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 22, 2010
JOHN LEY
CLERK
```

D. C. Docket No. 05-61562-CV-TEB

HARRY L. DANOW,

                      Plaintiff-Appellee,

versus

THE LAW OFFICE OF
DAVID E. BORACK, P.A.,

                      Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(February 22, 2010)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

  The Law Office of David E. Borack, P.A. (the "Law Office") appeals from a final judgment awarding Harry L. Danow attorneys' fees and costs pursuant to the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, following the jury verdict and final judgment entered in favor of Danow on his claim that the Law Office violated the FDCPA. The Law Office previously appealed the final judgment entered on the merits of Danow's FDCPA claim, and this Court affirmed. In this appeal, the Law Office argues that the district court erred in granting attorneys' fees and costs to Danow despite an offer of judgment the Law Office had made to Danow pursuant to Fed. R. Civ. P. 68 ("Rule 68"). After careful review, we affirm.

The proper interpretation of Rule 68 is a legal question which we review de novo. Jordan v. Time, Inc., 111 F.3d 102, 105 (11th Cir. 1997).

The relevant facts are these. On September 26, 2005, Danow filed a one-count lawsuit against the Law Office and David E. Borack alleging multiple violations under the FDCPA. The defendants served Danow with a Rule 68 Offer of Judgment on November 19, 2005. See Exhibit A to [D.E.141], Offer of Judgment. In pertinent part, the Offer of Judgment proposed a settlement as follows:

> Claim:    This Offer of Judgment is made to all claims made by the Plaintiff against the Defendants in that certain litigation filed in the District Court styled above.

2

| | |
|---|---|
| Relevant Condition: | The Plaintiff shall dismiss this lawsuit, with prejudice, in its entirety and execute a confidential release. |
| Total Amount Offered: | The total amount of this Offer of Judgment is THREE THOUSAND ($3,000.00) DOLLARS, to be paid to the Plaintiff, HARRY L. DANOW, by or on behalf of the Defendants, DAVID E. BORACK and THE LAW OFFICE OF DAVID E. BORACK, P.A. |
| Attorneys Fees and Costs: | Inclusive in the total amount offered herein is an offer of ONE-THOUSAND, SEVEN HUNDRED ($1,700.00) DOLLARS for attorneys fees and THREE HUNDRED ($300.00) DOLLARS as costs, to be paid to the Plaintiff, HARRY L. DANOW, by or on behalf of the Defendants, DAVID E. BORACK and THE LAW OFFICE OF DAVID E. BORACK, P.A. |

Id. In other words, the defendants offered Danow $1,000 in damages and $2,000 in attorneys' fees and costs, in exchange for settlement of the lawsuit and a confidential release. Danow rejected the defendants' Offer of Judgement. After a trial, the jury entered a verdict in favor of Danow and against the Law Office for the sum of $1,000 in statutory damages under the FDCPA. Both sides subsequently moved for attorneys' fees and costs, and the district court denied the Law Office's motion and awarded Danow attorneys' fees in the amount of $62,895.00, and costs in the amount of $715.60.

3

On appeal, the Law Office argues that based on its Offer of Judgment under Fed. R. Civ. P. 68, Danow is not entitled to attorneys' fees and costs. Rule 68 of the Federal Rules of Civil Procedure states in pertinent part, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d) (emphasis added). Applying this Rule, the Law Office argues that because it made a Rule 68 Offer of Judgment of $1,000 in damages to Danow, exclusive of attorneys' fees and costs, and because Danow was ultimately awarded $1,000 in statutory damages -- the same amount the Law Office had previously offered -- Danow is not entitled to any attorneys' fees and costs, and instead, is obligated to pay the Law Office's post-offer attorneys' fees and costs.

We are unpersuaded. It is true that the Law Office offered Danow the exact same amount in monetary damages that he ultimately recovered following trial. In these situations, the plain language of Rule 68, as well as that of the Supreme Court, dictates that a plaintiff typically is barred from seeking attorneys' fees and costs from the defendant. See Delta Air Lines, Inc. v. August, 450 U.S. 346, 356 (1981) ("If a plaintiff chooses to reject a reasonable offer, then it is fair that he not be allowed to shift the cost of continuing the litigation to the defendant in the event

4

that his gamble produces an award that is less than or equal to the amount offered.") (emphasis added).

However, in this case, the Law Office's Offer of Judgment also contained a condition -- that Danow sign a confidential release.  While it is difficult to assess the value of this condition, it presumably was worth something to the Law Office, signifying that Danow's ultimate recovery, which did not contain this condition, was "more favorable" to Danow than that provided in the Offer of Judgment. Indeed, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debts collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); see also S.Rep. No. 95-382, 95th Cong., 1st Sess., reprinted in 1977 U.S. Code Cong. & Ad. News 1695, 1696 (The FDCPA's "purpose is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors.").  As a result, this is exactly the kind of consumer protection case where there is added value to public exposure to a defendant's violations.

As Wright, Miller and Marcus have opined, "[t]he comparison between Rule 68 offers and judgments is intrinsically more difficult where one or both involves

5

nonmonetary relief [but w]here, for example, the Rule 68 offer included every element of the eventual judgment, a comparison between the offer and the ultimate disposition of these elements should not prove unduly difficult." Fed. Prac. & Proc. § 3006.1 (citations omitted). Wright, Miller and Marcus have further suggested that "it would be best to view the defendant as having the burden of demonstrating that the offer was superior." Id.; accord King v. Rivas, 555 F.3d 14, 19 (1st Cir. 2009) ("[I]t is the defendant's burden to establish comparability."); Reiter v. MTA N.Y. City Transit Auth., 457 F.3d 224, 231 (2d Cir. 2006). Here, the Law Office has failed to show how Danow's ultimate recovery -- which did not require him to sign a confidential release -- was "not more favorable than" the Offer of Judgment -- which required Danow to sign a confidential release. As a result, Rule 68(d) does not bar Danow's recovery of attorneys' fees and costs in this case, and Danow is not obligated to pay the Law Office's attorneys' fees and costs.

Because the district court did not err in applying Rule 68, and the Law Office does not otherwise challenge the award of attorneys' fees and costs, we affirm.

**AFFIRMED.**

A True Copy Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia